██████████████████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| VASU HOLDINGS LLC, a Texas Corporation )<br><br>Plaintiff, )<br><br>v. )<br><br>SAMSUNG ELECTRONICS CO., LTD. a Korean )<br>Corporation, and SAMSUNG ELECTRONICS )<br>AMERICA, INC., a New York Corporation, )<br><br>Defendants. ) | Case No. 2:24-cv-00034-JRG-RSP<br><br>████████████████ |

**SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF
<u>NO DOCTRINE OF EQUIVALENTS</u>**

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION..................................................................................................................... 1

II.  LEGAL STANDARD ............................................................................................................. 1

    A.   Summary Judgment Standard ................................................................................. 1

    B.   Doctrine of Equivalents .......................................................................................... 2

    C.   Prosecution History Estoppel.................................................................................. 2

III. STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUMF").......................... 3

    A.   The Prosecution History of the '281 Patent............................................................ 4

    B.   The Prosecution History of the '996 Patent............................................................ 5

    C.   Vasu's Contentions in this Case .............................................................................. 7

    D.   Dr. Cooklev's Infringement Report ........................................................................ 7

IV.  ARGUMENT........................................................................................................................... 9

    A.   The Amended Claims Are Narrower than the Original Claims, Thus Triggering the *Festo* Presumption.......................................................................................... 9

    B.   The Narrowing Amendment Was for a Reason Related to Patentability ............... 9

    C.   The Equivalents in Question Are Within the Scope of Surrender ........................ 11

V.   CONCLUSION ..................................................................................................................... 13

████████████

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)...................................................................................................1

*Felix v. Am. Honda Motor Co.*,
562 F.3d 1167 (Fed. Cir. 2009).................................................................................9

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
344 F.3d 1359 (Fed. Cir. 2003).........................................................................3, 11

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
535 U.S. 722 (2002) .......................................................................................... *passim*

*GeoTag, Inc. v. Frontier Commc'ns Corp.*,
No. 2:10-CV-00265-JRG, 2014 WL 282731 (E.D. Tex. Jan. 24, 2014) .......................9, 10, 11

*Hilgraeve Corp. v. McAffee Assocs., Inc.*,
224 F.3d 1349 (Fed. Cir. 2000)..................................................................................3

*Smart Path Connections, LLC v. Nokia of Am. Corp.*,
No. 2:22-CV-0296-JRG-RSP, 2024 WL 1077583 (E.D. Tex. Mar. 6, 2024) ...........................2

*Texas Instruments Inc. v. Cypress Semiconductor Corp.*,
90 F.3d 1558 (Fed. Cir. 1996).....................................................................................2

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
520 U.S. 17 (1997)............................................................................................2, 3, 11

**Rules**

Fed. R. Civ. P. 56(a) .....................................................................................................1

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| A | U.S. Patent No. 10,368,281 |
| B | U.S. Patent No. 10,419,996 |
| C | Expert Report of Todor Cooklev, Ph.D., Regarding Infringement by Samsung of U.S. Patent Nos. 8,886,181, 10,206,154, 10,368,281, and 10,419,996 |
| D | Issue Notification for U.S. Patent App. No. 15/480,293 (the '281 Patent), dated June 30, 2019 |
| E | Claims during Prosecution of U.S. Patent App. No. 15/480,293 (the '281 Patent), dated April 5, 2017 |
| F | Non-Final Rejection during Prosecution of U.S. Patent App. No. 15/480,293 (the '281 Patent), dated January 16, 2018 |
| G | Non-Final Rejection during Prosecution of U.S. Patent App. No. 15/480,293 (the '281 Patent), dated April 4, 2018 |
| H | Claim Amendments during Prosecution of U.S. Patent App. No. 15/480,293 (the '281 Patent), dated June 1, 2018 |
| I | Non-Final Rejection during Prosecution of U.S. Patent App. No. 15/480,293 (the '281 Patent), dated September 12, 2018 |
| J | Final Rejection during Prosecution of U.S. Patent App. No. 15/480,293 (the '281 Patent), dated January 9, 2019 |
| K | Notice of Allowance during Prosecution of U.S. Patent App. No. 15/480,293 (the '281 Patent), dated March 15, 2019 |
| L | Issue Information of U.S. Patent App. No. 15/480,293 (the '281 Patent), dated May 9, 2019 |
| M | Issue Notification for U.S. Patent App. No. 15/921,275 (the '996 Patent), dated September 17, 2019 |
| N | Claims during Prosecution of U.S. Patent App. No. 15/921,275 (the '996 Patent), dated March 14, 2018 |
| O | Non-Final Rejection during Prosecution of U.S. Patent App. No. 15/921,275 (the '996 Patent), dated November 6, 2018 |
| P | Claim Amendments during Prosecution of U.S. Patent App. No. 15/921,275 (the '996 Patent), dated February 7, 2019 |
| Q | Final Rejection during Prosecution of U.S. Patent App. No. 15/921,275 (the '996 Patent), dated February 26, 2019 |
| R | Notice of Allowance during Prosecution of U.S. Patent App. No. 15/921,275 (the '996 Patent), dated May 10, 2019 |
| S | Issue Information of U.S. Patent App. No. 15/921,275 (the '996 Patent), dated May 10, 2019 |
| T | Vasu's Final Election of Claims, dated May 19, 2025 |
| U | Appendix E-1 (for the '281 Patent) to Vasu's Disclosure of Asserted Claims and Amended Infringement Contentions, served June 18, 2025 |
| V | Appendix F-1 (for the '996 Patent) to Vasu's Disclosure of Asserted Claims and Amended Infringement Contentions, served June 18, 2025 |
| W | Deposition Transcript (Rough) for Dr. Todor Cooklev on July 22, 2025 |

iii

| X | Claims during Prosecution of U.S. Patent App. No. 15/480,293 (the '281 Patent), dated March 13, 2018 |
|---|---|

\* All emphasis added unless otherwise noted.

\*\* Citations to exhibits refer to corresponding exhibits to the Declaration of Alexander E. Middleton submitted herewith.

## I.     INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") submit this motion for summary judgment of no doctrine of equivalents ("DOE") for asserted claims 1, 23, 37, and 45 of the '281 patent, and all asserted claims of the '996 patent (collectively, "DOE Claims") under Plaintiff Vasu Holdings LLC's ("Vasu") equivalents theory of infringement. Because the DOE Claims were amended to include "upon activation of a timer" to distinguish the prior art in response to a rejection from the Examiner, prosecution history estoppel with respect to this limitation is presumed and bars application of DOE. Despite this presumption, Dr Cooklev in his expert report asserts that "upon activation of timer" is met under DOE. In doing so, he fails to even acknowledge the prosecution history or the presumption of prosecution history estoppel. Because the '281 and '996 patent applicant ("the Applicant") ceded broader claim limitations during prosecution, Vasu cannot as a matter of law recapture infringement theories under DOE and summary judgment is appropriate.[1]

## II.     LEGAL STANDARD

### A.     Summary Judgment Standard

Summary judgment is warranted when "there is no genuine dispute at to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[1] Samsung concurrently herewith has filed a motion to strike Dr. Cooklev's opinions relating to Doctrine of Equivalents for the "upon activation of a timer" limitation that is the subject of this motion.

### B.    Doctrine of Equivalents

Under the doctrine of equivalents, "a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997). "[A] patentee must . . . provide particularized testimony and linking argument as to the 'insubstantiality of the differences' between the claimed invention and the accused device or process, or with respect to the function, way, result test when such evidence is presented to support a finding of infringement under the doctrine of equivalents." *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996); *Smart Path Connections, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-0296-JRG-RSP, 2024 WL 1077583, at *2 (E.D. Tex. Mar. 6, 2024) (quoting *AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320, 1329 (Fed. Cir. 2007)). "Further, 'while many different forms of evidence may be pertinent, when the patent holder relies on the doctrine of equivalents, as opposed to literal infringement, the difficulties and complexities of the doctrine require that evidence be presented to the jury or other fact-finder through the particularized testimony of a person of ordinary skill in the art, typically a qualified expert, who (on a limitation-by-limitation basis) describes the claim limitations and establishes that those skilled in the art would recognize the equivalents.'" *Smart Path*, 2024 WL 1077583, at *2 (quoting *AquaTex.*, 479 F.3d at 1329).

### C.    Prosecution History Estoppel

Ordinarily, DOE allows a patentee to claim not only subject matter literally delineated by the claims, but also insubstantial alterations to the claims as written. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733 (2002) (*Festo VIII*). "When, however, the patentee originally claimed the subject matter alleged to infringe but then narrowed the claim in

2

response to a rejection, he may not argue that the surrendered territory comprised unforeseen subject matter that should be deemed equivalent to the literal claims of the issued patent." *Id.* at 733-34. This is known as prosecution history estoppel and it "bars recapture of subject matter surrendered during prosecution." *Hilgraeve Corp. v. McAffee Assocs., Inc.*, 224 F.3d 1349, 1355 (Fed. Cir. 2000). It applies when a claim is amended for "a substantial reason related to patentability," including "to avoid the prior art, or otherwise to address a specific concern—such as obviousness—that arguably would have rendered the claimed subject matter unpatentable." *Warner-Jenkinson*, 520 U.S. at 30-33.

When an amendment to a claim narrows the scope of the claim, prosecution history estoppel applies. *See Festo VIII*, 535 U.S. at 736. Once prosecution history estoppel is established, the patentee bears the burden of proving that the equivalent in question was not surrendered—"the [C]ourt should presume that the patentee surrendered all subject matter between the broader and narrower language." *Id*. at 740.

Whether the *Festo* bar applies, and whether the patentee has rebutted the presumption of a bar, is a matter of law for a judge to decide, rather than a jury. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1368 (Fed. Cir. 2003) (*Festo IX*).

## III.    STATEMENT OF THE ISSUE

Whether Vasu is barred from relying on the doctrine of equivalents to recapture claim scope surrendered by a narrowing amendment during prosecution for a reason substantially related to patentability.

## IV.    STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUMF")

Because the application of the *Festo* bar is a legal question for the Court, the following predicate facts, even if controverted by Vasu, would not create a jury fact issue that avoids

3

summary judgment. The Court should resolve all predicate issues and rule, as a legal matter, as to whether the *Festo* bar applies. *Festo IX*, 344 F.3d at 1368.

### A.    The Prosecution History of the '281 Patent

1.    The Applicant filed U.S. Patent App. No. 15/480,293 (the "'293 Application") on April 5, 2017, which matured into the '281 patent. Ex. D (7/30/2019 Issue Notification).

2.    Original claim 17 (issued claim 1), for example, recited "a switching circuit to switch operation between the cellular communication module and the Wi-Fi communication module, wherein during an established cellular communication if the Wi-Fi signal monitor detects that the Wi-Fi signal level is greater than a first predefined threshold value $V_{th1}$, the established cellular communication is switched to a Wi-Fi communication over the Wi-Fi network." Ex. E (4/5/2017 Claims) at 1.  Claim 17 did not include any timer limitation; changing states "upon activation of a timer" was originally included in a dependent claim.

3.    Original independent claims 45, 76, and 85 similarly did not include "upon activation of a timer."  Ex. E (4/5/2017 Claims) at 7; Ex. X (3/13/2018 Claims) at 9-10.

4.    During prosecution, the Examiner rejected the pending claims as obvious over U.S. Patent App. Pub. No. 2004/0030791 ("Dorenbosch") in view of U.S. Patent App. Pub. No. 2005/0059400 ("Jagadeesan"). Ex. F (1/16/2018 Non-Final Rejection) at 4; Ex. G (4/4/2018 Final Rejection) at 3-5, 7-8.

5.    The Applicant amended pending claims 17, 45, 76, and 85 to include "***upon activation of a timer***, the switching system causes the second communication module to change state from a sleep mode to an active mode, ***wherein the timer is activated to establish a time window of a predefined size***," and argued that Dorenbosch and Jagadeesan did not meet this limitation. Ex. H (6/1/2018 Amendments) at 2, 5, 8, 10, 12-16.

4

6.     The Examiner rejected the claims two additional times before issuing a notice of allowance. Ex. I (9/12/2018 Non-Final Rejection) at 2-9; Ex. J (1/9/2019 Final Rejection) at 2-8 (allowing claim 17 but maintaining rejection on claims 45, 76, and 85); Ex. K (3/15/2019 Notice of Allowance).

7.     Pending claims 17, 45, 76, and 85 of the '293 Application respectively issued as claims 1, 23, 37, and 45 of the '281 patent. Ex. L (5/9/2019 Issue Information) at 3.

**B.     The Prosecution History of the '996 Patent**

8.     The Applicant filed U.S. Patent App. No. 15/921,275 (the "'275 Application") on March 14, 2018, which matured into the '996 patent. Ex. M (9/17/2019 Issue Notification).

9.     Original claim 1, for example, recited "a switching system to switch operation between a first communication module and a second communication module, wherein if a context changes for known networks or a new network is detected with a more favorable context, a previously established communication automatically switches accordingly." Ex. N (3/14/2018 Claims) at 16.  Claim 1 did not include any timer limitations; changing states "upon activation of a timer" was originally included in a dependent claim.

10.     Original independent claims 13, 24, 36, and 43 similarly did not include "upon activation of a timer."  *Id.* at 17-19, 21-22.

11.     During prosecution, the Examiner rejected pending claims 1 and 36 as obvious over Jagadeesan in view of U.S. Patent App. Pub. No. 2004/0153676 ("Krantz"). Ex. O (11/6/2018 Non-Final Rejection) at 3.

12.     During prosecution, the Examiner rejected pending claims 13 and 24 as obvious over Jagadeesan in view of Krantz. Ex. O (11/6/2018 Non-Final Rejection) at 5.

5

13.    During prosecution, the Examiner rejected pending claim 43 as obvious over Jagadeesan in view of U.S. Patent App. Pub. No. 2004/0203788 ("Fors") and Krantz. Ex. O (11/6/2018 Non-Final Rejection) at 12.

14.    The Applicant amended pending claims 1 and 36 to include "*upon activation of a timer*, the switching system causes the second communication module to change state from a sleep mode to a stand-by-mode," and argued that Jagadeesan and Krantz did not meet this limitation. Ex. P (2/7/2019 Amendments) at 2, 7, 11, 14.

15.    The Applicant amended pending claims 13 and 24 to include "*upon activation of a timer*, the server causes a communication module to change state from a sleep mode to a stand-by-mode," and argued that Jagadeesan and Krantz did not meet this limitation. Ex. P (2/7/2019 Amendments) at 3-5, 12-13.

16.    The Applicant amended pending claim 43 to include "*upon activation of a timer*, the interface causes a communication module to change state from a sleep mode to a stand-by-mode," and argued that Jagadeesan, Fors, and Krantz did not meet this limitation. Ex. P (2/7/2019 Amendments) at 8, 17.

17.    The Examiner rejected the claims again before issuing a notice of allowance. Ex. Q (2/26/2019 Final Rejection) at 2-12; Ex. R (5/10/2019 Notice of Allowance).

18.    The Examiner, in the '275 Application notice of allowance, recognized that the Applicant's amendments to include "upon activation of a timer" were sufficient to overcome the rejections over the prior art. Ex. R (5/10/2019 Notice of Allowance) at 2.

19.    Pending claims 1, 13, 24, 36, and 43 of the '275 Application respectively issued as claims 1, 12, 23, 35, and 41 of the '996 patent. Ex. S (5/10/2019 Issue Information) at 4.

6

### C.    Vasu's Contentions in this Case

20.    Vasu asserts claims 1, 12, 23, 37, and 45 of the '281 patent against Samsung. *See* Ex. T (Vasu Final Election of Claims) at 1.

21.    Asserted claims 1, 23, 37, and 45 of the '281 patent each recite the phrase "upon activation of a timer." Ex. A ('281 Patent) at cls. 1, 23, 37, 45.

22.    Vasu's infringement contentions do not contend that the "upon activation of a timer" limitation of claims 1, 23, 37 and 45 of the '281 patent is met under DOE. *See generally* Ex. U ('281 Infringement Contentions).

23.    Vasu asserts claims 1, 12, 23, 35, and 41 of the '996 patent against Samsung. *See* Ex. T (Vasu Final Election of Claims) at 1.

24.    Asserted claims 1, 12, 23, 35, and 41 of the '996 patent each recite the phrase "upon activation of a timer." Ex. B ('996 Patent) at cls. 1, 12, 23, 35, 41.

25.    Vasu's infringement contentions do not contend that the "upon activation of a timer" limitation of claims 1, 12, 23, 35 and 41 of the '996 patent is met under DOE. *See generally* Ex. V ('996 Infringement Contentions).

### D.    Dr. Cooklev's Infringement Report

26.    On June 18, 2025, Vasu served the infringement expert report of Dr. Todor Cooklev in which Dr. Cooklev opined that the claim element "upon activation of a timer" is met under DOE. Ex. C (Cooklev Opening Rpt.) ¶¶ 1324, 1695, 1973, 2296, 2801, 2973, 3268, 3696.

27.    Dr. Cooklev identifies approximately ▮▮▮▮ as satisfying the "upon activation of a timer" limitation, ▮ of which were not identified during discovery.[2] Samsung has separately moved to strike any opinions concerning timers that were not disclosed during discovery.

---

[2] *See, e.g.*, Ex. C (Cooklev Opening Rpt.) ¶¶ 986, 1222, 1260, 1299-1300, and 1334.

28.    Dr.  Cooklev  testified ████████████████████

████████████████████████████████████████████████

████ Ex. W (Cooklev Rough Depo. Tr.) at 95-97.

29.    Dr. Cooklev's DOE opinions allege:



*See, e.g.*, Ex. C (Cooklev Opening Rpt.) ¶¶ 1324, 1695, 1973, 2296, 2801, 2973, 3268, 3696.

30.    Dr. Cooklev's report does not specify which timers satisfy the claim limitations under the doctrine of equivalents. *See, e.g.*, Ex. C (Cooklev Opening Rpt.) ¶ 1324.

31.    Dr. Cooklev does not mention the amendments adding the "upon activation of a timer" limitations to the independent claims of the '281 and '996 patents. *See, e.g.*, Ex. C (Cooklev Opening Rpt.) ¶ 1324.

## V.    ARGUMENT

Dr. Cooklev's opinions regarding DOE are precisely what *Festo* prohibits: the patentee narrowed the claims to avoid prior art and obtain allowance but is now improperly attempting to recapture surrendered claim scope in litigation.

### A.    The Amended Claims Are Narrower than the Original Claims, Thus Triggering the *Festo* Presumption

No original independent claim of the '281 and '996 patents recited a communication module changing states "upon activation of a timer." SUMF ¶¶ 2-3, 9-10; *see generally* Ex. E (4/5/2017 Claims); Ex. N (3/14/2018 Claims). This claim language only appeared in dependent claims. The independent claims were amended to add the "upon activation of a timer" limitations to overcome prior art rejections. SUMF ¶¶ 5, 14-16. These amendments narrowed the scope of the claim.

This narrowing amendment triggers the application of the *Festo* presumption, barring application of DOE for the "upon activation of a timer" claim limitation. *GeoTag, Inc. v. Frontier Commc'ns Corp.*, No. 2:10-CV-00265-JRG, 2014 WL 282731, at *2 (E.D. Tex. Jan. 24, 2014). This is true even though the "upon activation of a timer" limitation was originally in dependent claims and adopted into the independent claims. *Felix v. Am. Honda Motor Co.*, 562 F.3d 1167, 1183-84 (Fed. Cir. 2009).

### B.    The Narrowing Amendment Was for a Reason Related to Patentability

Once a patentee makes a narrowing amendment, it is presumed to be related to patentability. "The law presumes that the amendment was related to patentability, and so Plaintiff here bears the burden of proving otherwise." *GeoTag, Inc.*, 2014 WL 282731, at *2. In this case, the presumption is correct, and Vasu cannot overcome it, as the amendment was for the express purpose of responding to the Examiner's prior art rejections based on Jagadeesan and Dorenbosch ('281

9

patent) and Jagadeesan and Krantz ('996 patent) and, accordingly, are for reasons relating to patentability.

During prosecution of the '281 patent, the Examiner recognized that Dorenbosch discloses "a switching circuit to switch . . . operation between the cellular communication module and the Wi-Fi communication module." Ex. F (1/16/2018 Non-Final Rejection) at 4. In response, the Applicant amended the independent claims to recite "*upon activation of a timer*, the switching system causes the second communication module to change state from a sleep mode to an active mode." SUMF ¶ 5. In support of the Amendment, the Applicant argued that "*Jagadeesan [and Dorenbosch] do[] not teach wherein upon activation of a timer*, the switching system causes the second communication module to change state from a sleep mode to an active mode, wherein the timer is activated to establish a time window of a predefined size." SUMF ¶ 5. This is a textbook example of an amendment substantially related to patentability.

The prosecution of the '996 patent involved a similar surrender of claim scope for reasons relating to patentability. There, the Examiner stated that "Krantz et al. discloses switching operation between a first communication module and a second communication module." Ex. O (11/6/2018 Non-Final Rejection) at 3. The Applicant then amended the independent claims to distinguish the claims from Krantz by reciting "*upon activation of a timer* the switching system causes the second communication module to change state from a sleep mode to a stand-by-mode." SUMF ¶¶ 14-16. In support of the Amendment, the Applicant argued that "*Jagadeesan [and Krantz] do[] not teach wherein upon activation of a timer*, the switching system causes the second communication module to change state from a sleep mode to a stand-by mode." SUMF ¶¶ 14-16. Again, this is a textbook example of an amendment substantially related to patentability.

A narrowing amendment during prosecution is presumptively for a substantial reason relating to patentability. *Festo IX*, 344 F.3d at 1366 ("[T]he Supreme Court's *Warner-Jenkinson* presumption, which treats a narrowing amendment as having been made for a 'substantial reason related to patentability' when the record does not reveal the reason for the amendment remains intact after the Court's *Festo* decision. . . ." (citation omitted)); *see also GeoTag, Inc.*, 2014 WL 282731, at *2. Here, the evidence—the amendment itself and the patentee's representations to the USPTO—conclusively establish that the amendment was for a substantial reason relating to patentability. And because Vasu can present "no evidence suggesting that the amendment was not made in order to overcome the objections raised by the Examiner . . . [this Court should] find[] that the amendment was narrowed for reasons of patentability, and that prosecution history estoppel applies." *Festo IX*, 344 F.3d at 1366.

### C.    The Equivalents in Question Are Within the Scope of Surrender

"The baseline presumption for determining the scope of surrender is that the patentee has surrendered all territory between the originally claimed invention and the claims as written, and the burden lies with the Plaintiff to prove otherwise." *GeoTag, Inc.*, 2014 WL 282731, at *2 (citing *Festo VIII*, 535 U.S. at 740-41). Here, the original claims did not disclose a "timer" or taking any action "upon activation of a timer," and the amended claims include these limitations. Thus, the surrendered territory includes timers and taking action upon its activation.

To meet its burden of showing that this territory was not surrendered, Vasu "must show that at the time of the amendment one skilled in the art could not reasonably be expected to have drafted a claim that would have literally encompassed the alleged equivalent." *Festo VIII*, 535 U.S. at 741. *Festo* enumerated three ways a patentee may overcome the presumption: (1) "[t]he equivalent may have been unforeseeable at the time of the application;" (2) "the rationale underlying the amendment may bear no more than a tangential relation to the equivalent in

11

question;" and (3) "[or there] may be some other reason suggesting that the patentee could not reasonably be expected to have described the insubstantial substitute in question." *Id*. at 740-41. None of these exceptions applies.

### 1.    Vasu Cannot Show the Alleged Equivalent Is Unforeseeable

Vasu presents no evidence that the alleged equivalent to the "upon activation of a timer" limitation was unforeseeable. Instead, Dr. Cooklev opines in broad strokes that "Samsung also meets the requirements of 'upon activation of a timer' (and the Court's construction of this term) under the doctrine of equivalents" and then opines that "Samsung's Accused Instrumentalities" satisfy the Function-Way-Result test without specifying the operation of the over ██████ he identifies in his report is equivalent to the claimed functionality.  SUMF ¶¶ 27-30. Dr. Cooklev's closest attempt to address this issue is to state that "I have reviewed the prosecution history and found that there is nothing in the prosecution history of the Asserted Patents limiting this claim element from this interpretation." SUMF ¶ 29. Dr. Cooklev does not address how the alleged equivalent was in any way unforeseeable. Nor could he – timers and taking action upon their activation was absolutely foreseeable at the time of the patent applications.

### 2.    Vasu Cannot Show that the Rationale Underlying the Amendment Is Tangential to the Claimed Equivalent

Because Dr. Cooklev does not identify what the alleged equivalent is to the claimed "upon activation of a timer," Vasu is unable to show that rationale underlying the amendment bears only a tangential relation to the alleged equivalent, and thus, cannot rebut the legal presumption that prosecution history estoppel applies. Again, Dr. Cooklev makes no mention of the addition of the "upon activation of a timer" limitation to the claims or the prosecution history relating to this limitation, let alone the rationale for the amendment or how it is tangential to whatever equivalent he is addressing in his report. The only plausible rationale for the underlying amendments was to

12

narrow the claim to evade the prior art, and Vasu has presented no evidence that this rationale is tangential to the alleged equivalent (whatever that might be).

### 3. There Is No Other Viable Reason Why Patentee Could Not Have Claimed the Equivalent

There is no other reason suggesting that the patentee could not reasonably be expected to have described the equivalent in question (whatever that may be) other than the fact that the patent examiner rejected the broader claim as being found in the prior art. That is why prosecution history estoppel exists and is not an available exception for Vasu.

## VI. CONCLUSION

Vasu's DOE infringement theory is precisely what *Festo* prohibits. None of the exceptions apply, and the Court should rule as a legal matter that the bar of *Festo* applies. If the *Festo* bar does apply, summary judgment of non-infringement under DOE is appropriate.

Dated:  July 28, 2025

Counsel for Defendants,

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: tom@gillamsmithlaw.com

Steven Pepe

13

(NY Bar No. 2810430)
Kevin J. Post
(NY Bar No. 4382214)
Alexander Middleton
(NY Bar No. 4797114)
Jolene Wang
(NY Bar No. 5462619)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Steven.Pepe@ropesgray.com
Kevin.Post@ropesgray.com
Alexander.Middleton@ropesgray.com
Jolene.Wang@ropesgray.com

David S. Chun
(CA Bar No. 315958)
James L. Davis, Jr.
(CA Bar No. 304830)
Christopher Bonny
(CA Bar No. 280554)
**ROPES & GRAY LLP**
525 University Avenue, 8th Floor
Palo Alto, CA 94301
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
David.Chun@ropesgray.com
James.L.Davis@ropesgray.com
Christopher.Bonny@ropesgray.com

Fan (Frances) Zhang
(DC Bar No. 1721165)
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
Frances.Zhang@ropesgray.com

*Attorneys for Defendants Samsung
Electronics Co., Ltd. and Samsung
Electronics America, Inc.*

14

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, a copy of the foregoing document and any attachments thereto was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send notification of filing electronically to all counsel of record.

/s/ Melissa R. Smith
Melissa R. Smith

15