**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| VASU HOLDINGS LLC,<br><br>    *Plaintiff,*<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>    *Defendants*. | Case No. 2:24-cv-00034-JRG-RSP |

### <u>REPORT AND RECOMMENDATION</u>

Before the Court is Plaintiff's Motion for "Summary Judgment on Unavailability of Non-Infringing Alternatives." **Dkt. No. 128**. In it, the Plaintiff argues that the insufficiency of Defendant's proffered expert testimony indicates that no genuine dispute of material fact exists with respect to both the "availability" and "acceptability" requirements of Non-Infringing Alternatives (NIAs). For reasons discussed below, the Motion should be **DENIED**.

### I.    BACKGROUND

On January 22, 2024, Plaintiff filed suit against Defendants, asserting patent infringement claims. On July 28, 2025, Plaintiff moved for partial summary judgment, asserting that post-suit damages should not be limited by the availability of non-infringing alternatives. In their Opposition Brief, Defendants argued that Plaintiff mistakenly discredited their proffered expert testimony and thus raised a genuine dispute of material fact.

1

### II.    APPLICABLE LAW

#### a.  Summary Judgment

Summary judgment should only be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)); *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id*. at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

#### b.  Non-Infringing Alternatives

For a moving party to establish that no non-infringing alternatives (NIAs) exist, it bears the burden to establish that NIAs are either (1) not available or (2) not acceptable. *See generally, Grain Processing Corp. v. American Maize-Products Co.*, 185 F.3d 1341, 1349-53 (Fed. Cir. 1999).

### i. Acceptability

Acceptability requires inquiry into the relevant market, and consumer demand therein. Factors include "intended use for the patentee's product, similarity of physical and functional attributes of the patentee's product to alleged competing products, and price." *Id.* at 1355. The Federal Circuit noted that expert economic testimony can be sufficient to establish NIA acceptability. *Grain Processing*, 185 F.3d at 1355.

### ii. Availability

Availability is presumed when the NIA was *on the market* during the period of alleged infringement. *Id.* at 1353. If the NIA was not on the market during the alleged infringement period, the accused infringer must demonstrate that the NIA was *available* during the period of alleged infringement. *Id*. Availability cannot be "theoretically possible" or rest merely on "speculation or conclusory assertions," although a "probable" NIA can reduce the royalty rate. *See Mars Inc. v. Coin Acceptors Inc.*, 527 F.3d 1359, 1373 (Fed. Cir. 2008) ("The district court considered the potential availability of noninfringing alternatives, found that [Defendant] did not have—but probably could have designed—an acceptable alternative, and *reduced the blended royalty rate* accordingly") (emphasis added). Instead, the accused infringer must base its conclusion on "concrete factual findings." *Id*. In *Grain Processing*, the trial court found that Defendant's proffered NIA was "available" when Defendant possessed the necessary equipment, knowledge, and "know how" to produce the NIA. *Id*. Considering the trial court's factual findings, the Federal Circuit affirmed the conclusion that non-infringing alternatives were available.

## III.   ANALYSIS

Defendants' NIA argument relies primarily on testimony from their expert, Mark Lanning. Dkt. No. 162 at 2. Defendant notes that Lanning's testimony on the NIA's commercial viability relies primarily on Lanning's "40 years of working with cellular networks and users." In his deposition,

Lanning noted his familiarity with "the processes a supplier has to go through to make these types of changes." Dkt. 130-10 51:3-5. In their brief, Defendants noted that "Mr. Lanning further opined that 'minimal time and effort, such as changing a few lines of code of the accused features, would be needed to modify the software to perform the noninfringing alternative.'" Dkt. No. 162 at 2.

Plaintiff argues that Defendant failed to establish that "these proposed NIAs were ever made, could ever be made, could work, or what they might cost." Dkt. No. 128 at 5. Plaintiff concludes there is "no evidence of availability" offered by Defendant. Plaintiff's conclusion rests primarily on Mr. Lanning's testimony's lack of "real-world cost-basis or customer demand tests," in that "non-infringing alternatives would be somewhat invisible to the user." *Id*. at 6 (quoting Ex. 9 (7/16/25 Lanning (Rough) Tr.) at 49:15-17). They assert that Lanning's testimony fails to address the acceptability of his purported "code modifications" at the time infringement began. *Id*. at 7. Plaintiff argues that Lanning's testimony is further insufficient because it does not specify the cost of implementation. *Id.* at 5. Finally, Plaintiff's own expert testimony argues that the accused technology was developed in response to "customer complaints" about a previous, non-accused, version. *Id*. at 7.

This court is unpersuaded by Plaintiff's insufficiency arguments. Summary judgment on the unavailability of NIAs is inappropriate because Defendants' proffered expert testimony introduces a genuine dispute of material fact over the acceptability and availability of NIAs to the accused product.

### a. Acceptability

Addressing first the acceptability prong, a plain reading of Mr. Lanning's testimony – that implementation of the NIA would be "invisible" to users – indicates that consumer preferences would not change if Defendants substituted the accused product with the NIA. In *Grain Processing*, the Federal Circuit found "no error" in the trial court's finding that the proffered NIA was an "acceptable substitute," because "consumers considered [the NIA's] important properties effectively identical to previous versions." Plaintiff's expert testimony does not address Mr. Lanning's NIA, and compares

4

a separate, prior version of Defendants' software to the accused software.  It is not sufficiently relevant to assessing the viability of Mr. Lanning's proposed NIA. Like *Grain Processing*, the "identical" nature of Defendants' NIA to the accused product, convinces this Court that Mr. Lanning's testimony raises a genuine dispute of material fact over the acceptability of Defendants' NIA.

While Mr. Lanning's testimony did not address the cost of the proposed changes, because it raised a genuine issue over the "physical and functional attributes" of Defendants' NIA, summary judgment is inappropriate to decide Defendants' NIA's acceptability.

### b.  Availability

This Court is not persuaded by Plaintiff's arguments that Defendants' NIA is mere speculation because it relies primarily on Mr. Lanning's "opinion." Expert testimony is regularly used by courts. The Rules of Evidence contemplate testimony based on an "expert's scientific, technical, or other specialized knowledge." FRE 702(a). The Court finds persuasive Defendant's assertions that Mr. Lanning has "40 years" of telecommunications experience, certainly sufficient to show that his testimony is more than a mere "because I said so."

Because Defendants' proposed NIA was not on the market at the time of alleged infringement, Defendant must establish the NIA's availability at the time of the alleged infringement. While the proposed NIA cannot be merely "theoretically possible" or rest on "speculation or conclusory assertions," a product the Defendant "probably could have designed" can reduce the royalty owed, making it relevant to the inquiry.  Thus, Defendant's expert testimony asserts that "changing a few lines of code of the accused features" is sufficient to perform the NIA. Defendant, a manufacturer of wireless devices, possesses the requisite "know how" to implement this proposal.

Although no NIA was on the market at the time of the alleged infringement, Defendant's expert testimony is sufficient to raise a genuine dispute of material fact over the NIA's availability.

## IV.    CONCLUSION

For the reasons discussed above, the Court Recommends that Plaintiff's Motion be **DENIED**, because Mr. Lanning's testimony raises a genuine dispute of material fact.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); see also *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 12th day of December, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE