IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VASU HOLDINGS, LLC, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:24-cv-00034-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., | § | |
|     *Defendants*. | § | |
| | § | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Vasu Holdings' Motion for Summary Judgment of No Obviousness-Type Double Patenting ("No ODP"). **Dkt. No. 129**. For the reasons discussed below, the Motion should be **DENIED** with respect to U.S. Patent No. 10,419,996 ("the '996 Patent") and **DENIED AS MOOT** for U.S. Patent No. 10,368,281 ("the '281 Patent"). Furthermore, Defendants' Motion for Summary Judgment of No Doctrine of Equivalents (**Dkt. No. 125**) should be **DENIED AS MOOT** in light of Plaintiff's Response (Dkt. No. 165).

### I.    BACKGROUND

#### A.    '281 Patent

Defendants' '281 Patent invalidity claims no longer assert Obviousness-Type Double Patenting theories. *See* Dkt. No. 249 at 2. Therefore, the Court recommends the motion be denied as moot with respect to the '281 Patent.

#### B.    '996 Patent

Defendant's invalidity contentions assert that '996 Patent Claim 1 is unpatentable for "obviousness-type double patenting over claim 37 of the '281 patent in view of Dorenbosch and optionally further in view of Donovan." Dkt. No. 130-9 at ¶ 976. The '996 Patent claims a device

1

that contains both a wifi and a cellular antenna, connected to a circuit designed to switch to the

antenna that receives a stronger signal. Claim 1 of the '996 Patent claims:

> a switching system to switch operation between a first communication module and a second communication module, wherein if a context changes for known networks or a new network is detected with a more favorable context, a previously established communication automatically switches accordingly, wherein upon activation of a timer, the switching system causes the second communication module to change state from a sleep mode to a stand-by mode, and **the switching system causes the second communication module to change state from the stand-by mode to an active mode before a communication is switched to the second communication module**. '996 Patent Cl. 1.

Bolded is the section that Defendants' invalidity report contends is obvious in light of the prior art

and Claim 31 of the '281 Patent. Dkt. No. 130-9 at ¶ 1000. Claim 31 of the '281 Patent claims:

> a switching system to switch operation between a first communication module and a second communication module, wherein if a context changes for known networks or a new network is detected with a more favorable context, a previously established communication automatically switches accordingly, **wherein upon activation of a timer,** the switching system causes the second communication module to change state from a sleep mode to a stand-by mode, and **the switching system causes the second communication module to change state from the stand-by mode to an active mode** before a communication is switched to the second communication module. '281 Patent Cl. 1.

Bolded are the claim terms that Defendants' invalidity report maps to Claim 1 of the '996 Patent.

Further, Dorenbosch discloses "steps necessary to bring up the corresponding hardware and

software for… [a] WAN system," and Donovan discloses a "wakeup" period. Dkt. No. 130-9 at ¶

1001. Defendants' invalidity report argues that because of this art, the '996 Patent Claim 1 is

unpatentable under an ODP theory.

## II.   <u>LEGAL STANDARD</u>

### A.   **Summary Judgment**

Summary judgment should be granted "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis added). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. "If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### B.     Obviousness-Type Double Patenting

"Double patenting" comes in two forms. The first form, referred to as "statutory" double patenting, arises when a later-filed patent application claims a scope identical to an existing invention. Because the later-filed application cannot claim inventorship, the application raises an § 101 inventorship issue. *See* 35 U.S.C. § 101 ("*Whoever* invents or discovers … may obtain a patent") (emphasis added). The second form, referred to as "obviousness-type," is not rooted in a

specific statute, and arises when a patent application contains an obvious variant of an existing invention. Therefore, the first question in any ODP inquiry is whether the challenged claim is anticipated by the reference claim or invention.

Obviousness-type double patenting arises from two policy considerations. First, it prevents inventors from "extending their monopoly" beyond the statutory patent term, through a later-expiring patent. *See Application of Siu*, 222 F.2d 864, 867 (C.C.P.A. 1955) ("one of the familiar evils of double patenting, that of extension of monopoly"). The other concern, harassment from multiple patentees, arises when ownership between the two patents is not identical. *In re Hubbell*, 709 F.3d 1140, 1145-46 (Fed. Cir. 2013).

ODP generally renders a patent unpatentable, however "a first-filed, first-issued, later-expiring claim cannot be invalidated by a later-filed, later-issued, earlier-expiring reference claim having a common priority date." *Allergan USA, Inc. v. MSN Lab'ys Priv. Ltd.*, 111 F.4th 1358, 1369 (Fed. Cir. 2024). Thus, a court must look to a patent family's priority date, rather than any patent's expiration date to determine whether ODP issues arise.

The second concern, harassment from multiple patentees, arises when patent ownership is not identical, between two or more asserted patents that are obvious to each other.[1] There, multiple patentees holding such patents could file multiple suits against the same defendant or invention. The same concerns remain with a partial overlap in inventors, inventive entity or assignee/owner. *See Hubbell*, 709 F.3d at 1145. Thus, split ownership of patents that are obvious to one another can alone raise an ODP issue.

---

[1] Because invalidity under 35 U.S.C. § 103 requires obviousness *before the challenged patent's effective filing date*, a patent that is merely obvious to another need not be invalid.

### III.    ANALYSIS

In its Motion for Summary Judgment, Plaintiff primarily challenges the sufficiency of Samsung's infringement expert, Mark Lanning, thus arguing that there is no clear and convincing evidence of ODP. Dkt. No. 129. First, Plaintiff argues that Mr. Lanning's report merely compares the '996 Patent Claim 1 with the prior art, without providing any "motivation" to combine the prior art. *Id.* at 12. Plaintiff concludes that because Mr. Lanning's report merely states that the prior art is in the "same field," Defendant has failed demonstrate the requisite "motivation" to render this claim obvious.

Plaintiff further argues that Mr. Lanning's comparison between the '996 Patent Claim 1 and the prior art is merely conclusory, and fails to consider the whole claim, or the claims in context. *Id.* at 14-15. It argues that Mr. Lanning's report lacks proper context and explanation to show *how* the prior art renders the '996 Patent Claim 1 obvious. *Id.* Instead, Plaintiff argues that the section of Mr. Lanning's report that compares the '996 Patent Claim 1 with the '281 Patent Claim 37 ignores the differences in limitations that would not render the '996 Patent Claim 1 obvious. *Id.* Plaintiff challenges Mr. Lanning's analysis of the Dorenbosch and Donovan references. *Id.* There, Plaintiff argues that these references lack the switching system present in the '996 Patent Claim 1. *Id.* Plaintiff concludes that because the prior art lacks such a system, it does not anticipate the '996 Patent Claim 1.

Finally, Plaintiff argues that because the '996 and '281 Patents expire on the same day, no concerns exist that the patentee is "extending their monopoly beyond the statutory patent term." *Id.* at 7.

In their response, Defendants first argue that the other policy concern, "harassment from multiple patentees" due to split ownership supports their ODP challenge. Dkt. No. 159 at 11.

Defendants argue that their split ownership challenge stands alone without any need to show patent term extension issues. *Id.*

Defendants' primary argument is that Plaintiff has failed to either establish facts negating Defendants' ODP invalidity theory or demonstrating that Defendants lack sufficient evidence to meet their burden at trial. *Id.* at 13-14. Defendants argue that Plaintiff improperly deems Mr. Lanning's expert report deficient.

First, Defendants argue that Plaintiff ignores the full comparison charts prepared by Mr. Lanning, which compare the entire claim language from the '996 Patent Claim 1 to the '281 Patent. *Id.* at 20. They add that any "gaps" in coverage are filled by the Dorenbosch and Donovan references. *Id.* at 20-21. Defendants argue that this "targeted" comparison negates Plaintiff's cited caselaw, because there, the expert report merely concluded that the patents were "related" and did not address any differences.

Defendants argue that Plaintiff mischaracterizes Mr. Lanning's comparison between the '996 Patent Claim 1 and the '281 Patent Claim 37. *Id.* at 21-23. Defendants argue that the "switching system" not present in the '281 Patent Claim 37 is borrowed from the two references. *Id.* at 23. Thus, Defendants conclude that Mr. Lanning's report properly maps the '996 Patent Claim 1 to the '281 Patent Claim 37, and that Plaintiff's arguments are mere attorney speculation.

Because Plaintiff is the moving party, while Defendants carry the ultimate burden of persuasion on invalidity at trial, Plaintiff must either negate an "essential element" of Defendants' argument or demonstrate that Defendants do not have sufficient evidence to prove an "essential element" at trial. Viewing the facts in a light most favorable to Defendants, Plaintiff's arguments fail to meet either threshold.

Plaintiff seeks to discredit the expert report of Mr. Lanning, which among other things, finds the '996 Patent Claim 1 invalid under an ODP theory. While the Court makes no ruling on the merits of Mr. Lanning's conclusions, the Court is persuaded by Defendants' arguments that Plaintiff has failed to meet its burden.

Turning first to the Parties' policy arguments, because the '996 Patent shares its priority date with the entire asserted patent family, no concerns exist regarding unlawful extension of Plaintiff's patent monopoly. Harassment by multiple assignees remains at issue, however, because there are multiple assignees to the '996 and '281 Patents. Because more than one party has standing to assert these patents, concerns remain about lawsuits by multiple assignees. Thus, an ODP challenge remains proper.

While the Court does rule on whether there *is* anticipation at this stage, it must address Plaintiff's argument that there is none. Because the Dorenbosch and Donovan references teach a "switching system," Plaintiff's argument fails to negate or otherwise disprove an "essential element" of Defendant's claim that the '281 Patent renders obvious the '996 patent. Dorenbosch and Donovan's "switching system" bridges the gap between the '996 Patent Claim 1 and the '281 Patent Claim 37, sufficient to stave off a finding of no anticipation at the summary judgment stage. Thus, the Court is not persuaded by Plaintiff's argument.

Finally, the Court is not persuaded by Plaintiff's arguments that Mr. Lanning's report lacks proper context to render the '996 Patent Claim 1 obvious. Mr. Lanning's report maps each claim term to the prior art. The Court cannot agree with Plaintiff's assertions regarding this deficiency in Mr. Lanning's report.

Viewed in a light most favorable to the Defendants, Plaintiff has failed to negate any "essential element" of Defendants' ODP claim. Further, Plaintiff has failed to demonstrate that

Defendants lack sufficient evidence to carry their burden at trial as to any "essential element" of the ODP claim. Therefore, the Court recommends that Plaintiff's Motion be denied with respect to No ODP on the '996 Patent

## IV.    CONCLUSION

For the reasons discussed above, the Court **RECOMMENDS** that the Motion be **DENIED** with respect to the '996 Patent and **DENIED AS MOOT** for the '281 Patent. Furthermore, the Court **RECOMMENDS** that Defendants' Motion for Summary Judgment on No Doctrine of Equivalents (**Dkt. No. 125**) be **DENIED AS MOOT** in light of Plaintiff's response brief.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report **by not later than February 3, 2026** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 25th day of January, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE