IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VASU HOLDINGS, LLC,<br>　　　　*Plaintiff*,<br>　v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>　　　　*Defendants*. | §<br>§<br>§<br>§　Case No.  2:24-cv-00034-JRG-RSP<br>§<br>§<br>§<br>§ |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Vasu Holdings, LLC's Corrected Motion to Strike and Exclude Porions Mark R. Lanning's Invalidity Report. **Dkt. No. 104**. For the reasons discussed below, the Motion is **GRANTED** with respect to the five invalidating references and **DENIED** with respect to the reference patents.

**I.    BACKGROUND**

Plaintiff Vasu seeks to strike the invalidity expert report of Mark Lanning. Mr. Lanning's report is relevant to Defendant's Invalidity claims for four asserted patents, U.S. Patent Nos. 8,886,181 ("the '181 Patent"), 10,206,154 ("the '154 Patent"), 10,368,281 ("the '281 Patent"), and 10,419,996 ("the '996 Patent").

**II.    LEGAL STANDARD**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

1

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme

Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

### III.    ANALYSIS

In the Motion, Plaintiff argues that Mr. Lanning's report improperly adds new invalidating references, because it was served after the close of fact discovery. Dkt. No. 104 at 1. Plaintiff argues that EDTX Patent Rules 3-3 and 3-4 require references to be charted in a party's invalidity contentions to quality as prior art. *Id.* at 6. Plaintiff argues that because these additional references were first disclosed *in this litigation* in Mr. Lanning's invalidity report, rather than in the invalidity contentions, they are not admissible as prior art. *Id*. They argue that they would not otherwise receive proper notice. *Id.* at 9.

In their response, Defendants argue that Plaintiff was already on notice, because this prior art was disclosed in a parallel IPR filing between the same parties as this litigation. Dkt. No. 116 at 5-6. In its Brief, Defendants quote the IPR filing, which mentions the five references at issue from Mr. Lanning's report. *Id.* Defendant argues that these IPR filings constitute proper notice, because they were filed prior to the close of fact discovery. *Id.* at 8.

The Court finds persuasive Plaintiff's argument to strike the five new references from Mr. Lanning's report. In *Cummins-Allison Corp. v. SBM Co., LTD.*, late-disclosed art was stricken, despite knowledge of the same art in parallel USPTO proceedings. 2009 WL 763926 (E.D. Tex. March 19, 2009). The court reasoned that under EDTX Patent Rule 3-3 mere knowledge of the prior art was insufficient to provide notice to the patentee, because the patentee was not put on notice that the art was to be asserted *in the instant litigation*. *Id*. at *4. The same holds true here.

3

While Plaintiff was aware of the art Mr. Lanning used, it was not on notice that it was to be used against them in *this* litigation. As *Cummins* makes clear, this is not sufficient notice. Therefore, the references to the late-served invalidating references, and any opinions based thereon, are hereby stricken from Mr. Lanning's report.

Finally, the Court finds unavailing Plaintiff's reference patent argument. As discussed in the Court's Report and Recommendation (Dkt. No. 252), the Court finds persuasive that because the other purpose of ODP – to prevent "double harassment" – remains at issue, Mr. Lanning's use of reference patents is proper for an ODP analysis.

## IV.   CONCLUSION

For the reasons discussed above, the Motion is **GRANTED** with respect to the five invalidating references, and **DENIED** with respect to the reference patents.

**SIGNED this 4th day of February, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE