# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VASU HOLDINGS, LLC, § <br> *Plaintiff*, § <br> v. § <br> § Case No. 2:24-cv-00034-JRG-RSP <br> SAMSUNG ELECTRONICS CO., LTD., § <br> SAMSUNG ELECTRONICS AMERICA, § <br> INC., § <br> *Defendants*. § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff Vasu Holding, LLC's Motion to Strike the Testimony of Julia Rowe. **Dkt. No. 127**. For the reasons discussed below, the Motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff Vasu seeks to strike portions of the expert report of Julia Rowe, Defendants' damages expert. Ms. Rowe's report is relevant to the royalty calculations for four asserted patents, U.S. Patent Nos. 8,886,181 ("the '181 Patent"), 10,206,154 ("the '154 Patent"), 10,368,281 ("the '281 Patent"), and 10,419,996 ("the '996 Patent").

**II.    LEGAL STANDARD**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow*

1

*Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate

2

means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

### III.  ANALYSIS

In the Motion, Plaintiff argues that Ms. Rowe's report must be stricken, because it is factually deficient. Plaintiff argues that Ms. Rowe's conversion from lump sum agreements into running royalty rates is factually insufficient, because the factors she relied upon are not specific enough. Dkt. No. 127 at 5-6. They cite to *EcoFactor Inc. v. Google LLC* to argue that "some basis" must be present for such a conversion to be proper. 137 F.4th 1333. Plaintiff argues that there is an insufficient technological link between the asserted patents and these lump sum agreements. Dkt. No. 127 at 9-12. Finally, Plaintiff argues that Ms. Rowe's analysis is unreliable, because she lacks the requisite technological training to discuss technology issues in her report, and because she relies on Mr. Lanning's expert report for her NIA analysis, which Plaintiff argues is deficient. *Id.* at 13-14.

In their reply, Defendants argue that Ms. Rowe's report sufficiently links both the lump sum agreements to royalty rates, and to the accused technology. Dkt. No. 148 at 6-7. Defendant argues that Plaintiff's reliance on *EcoFactor* is misplaced, because she uses Samsung's sales figures to calculate a per-unit royalty amount from the lump sum calculations. Further, Defendants contend that she relies on Mr. Lanning's testimony to establish a technical link between the patents and the prior lump sum agreements. Finally, Defendant argues that Plaintiff's disputes do not speak to the reliability or sufficiency of the evidence, but rather its weight, an issue they contend is properly raised to a jury.

The Court is persuaded by Defendants' argument that Plaintiff's Motion to Strike attacks the weight of Ms. Rowe's report, rather than its reliability or sufficiency. In their Reply, Defendants

3

point to information that links her royalty calculations to the lump sum payments. Finally, given the Court's denial of Plaintiff's Motion to Strike Mr. Lanning's expert report, Ms. Rowe's report properly relies upon his technical analysis for her NIA and *Georgia Pacific* Factor 13 opinions. Plaintiff has failed to meet its burden to show methodological deficiencies in Ms. Rowe's expert report.

IV. **CONCLUSION**

For the reasons discussed above, the Motion is **DENIED**.

SIGNED this 1st day of February, 2026.

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE