## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| VASU HOLDINGS, LLC, | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | Case No.  2:24-cv-00034-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., | § | |
| *Defendants.* | § | |

### MEMORANDUM ORDER

Before the Court is Samsung's Daubert Motion and Motion to Strike  Expert Testimony of Dr. Eric Cole. **Dkt. No. 146**. For the reasons discussed below, the Court is of the opinion that the Motion be **DENIED**.

## I.    BACKGROUND

Defendants seek to strike certain testimony of Plaintiff's expert Dr. Eric Cole. Dr. Cole's report is relevant to rebutting Defendants' § 112 written description defense for three of the asserted patents, U.S. Patent Nos. 8,886,181 ("the '181 Patent"), 10,368,281 ("the '281 Patent") and 10,419,996 ("the '996 Patent"). In their Reply, Defendants have narrowed their Motion to sections of Dr. Cole's report that discuss the '181 Patent and the 11/330,675 application. Dkt. No. 173 at 1. The '181 Patent teaches different ways to switch between different wireless networks by simultaneously establishing connection to a second, stronger, network without losing connection to the first.

## II.    LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product

of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while

exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## III.    <u>ANALYSIS</u>

In their Motion, Defendants contend that Dr. Cole's report cannot raise written description (§ 112) objections, because Plaintiff failed to serve a complete response to an interrogatory that requested further details. Dkt. 146 at 3. Defendants argue prejudice because Dr. Cole's report relies on information that was not timely disclosed in discovery. Thus, defendants contend that any § 112 theories not disclosed in discovery are barred under the Fifth Circuit's *Barrett* test, because their own expert, Dr. Lanning has no opportunity to rebut them. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).[1]

In response, Plaintiff contends that Dr. Cole's report does not cite to new information but rather draws from the patents themselves or the documents cited in Defendant's expert's § 112 report. Dkt. No. 168 at 5. Plaintiff relies on *Mojo Mobility v. Samsung* to argue that any new information is proper when used to rebut Defendant's § 112 defenses. 2024 WL 3527240 (E.D. Tex. July 24, 2024) ("the Court finds that Ms. Rowe's discussion of the "wired charging" NIA is

---

[1] The *Barrett* Factors are:
1. the explanation, if any, for the party's failure to comply with the discovery order;
2. the prejudice to the opposing party of allowing the witnesses to testify;
3. the possibility of curing such prejudice by granting a continuance; and
4. the importance of the witnesses' testimony.

in direct rebuttal to Mr. Bergman's opinions. Accordingly, the Court does not find that discussion of the NIA was untimely.").

Plaintiff also argues that Defendant improperly shifts the burden to require *Plaintiff* to rebut Defendants' invalidity theories, without Defendant's initial invalidity showing. They argue *Gamevice Inc. v. Nintendo Co.* holds that because Defendants bear the burden for a § 112 defense, Defendants must set forth their entire case prior to Plaintiff's rebuttal. 2020 WL 13739193, at *7 (N.D. Cal. June 4, 2020); *Id.* at 6.

The Court is persuaded that Dr. Cole's report sufficiently references prior disclosures or serves to rebut § 112 invalidity contentions raised by Defendant. In *Mojo Mobility*, the Court permitted Plaintiff's expert to raise non-infringing alternatives arguments in the rebuttal brief, because they were first raised in Defendant's expert report. Here, Vasu addressed Samsung's § 112 arguments "once that information was made available." Dkt. No. 168 at 13. Although Vasu's disclosures came after the close of discovery, Defendants have not shown that the materials relied upon by Plaintiff's expert were not either disclosed in the timely interrogatory response, drawn from the intrinsic record of the asserted patents, or relied upon in the report of Defendants' expert.

The Court is further persuaded that Defendant improperly shifts the burden, and that *Defendant*, not Plaintiff must make the initial case for any invalidity defense, then Plaintiff can rebut. In *Gamevice*, the Court looked to prior caselaw where the moving and non-moving party failed to rebut an issue until after the close of discovery. The Court noted that disclosure by parties with the burden of proof on an issue after the close of discovery was merely late. Conversely, the Court "cannot fault" parties without the burden, because they must rebut after the moving party's initial showing. In the sur-reply, Plaintiff identified portions of Dr. Cole's report that rebutted

Defendant's invalidity report. Because Defendant carries the burden with respect to any § 112 defenses, Plaintiff's disclosures to rebut Defendant's expert report remain timely.

Thus, because the *Barrett* factors favor Plaintiff, the Court is of the opinion that Defendant's Motion to strike Dr. Cole's be denied.

IV.    <u>**CONCLUSION**</u>

For the reasons discussed above, the Motion be is **DENIED**.

 SIGNED this 1st day of February, 2026.



ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE