**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| VASU HOLDINGS, LLC, a Texas Corporation, | ) ) ) |
| Plaintiff, | )     Case No. 2:24-cv-00034-JRG-RSP ) |
| v. | ) ) |
| SAMSUNG ELECTRONICS CO., LTD., a Korean Corporation, and SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation, | ) ) ) ) ) |
| Defendants. | ) ) |

**<u>PROPOSED AMENDED JOINT PRETRIAL ORDER[1]</u>**

Pursuant to the Court's Fourth Amended Docket Control Order (Dkt. No. 190), and

consistent with the Local Rules and this Court's Standing Order on Pre-Trial Procedures and

Requirements in Civil Cases, the Parties submit the following proposed Amended Joint Pretrial

Order.

---

[1] Submissions which are agreed to by both Vasu and Samsung are not highlighted.  Submissions proposed by Vasu that are not agreed to by Samsung are highlighted in <mark>yellow</mark>. Submissions proposed by Samsung that are not agreed to by Vasu are highlighted in <mark>blue</mark>. The parties have entered their objections, explanations, citations, and commentary in footnotes only.

## I.    COUNSEL FOR THE PARTIES

| Plaintiff Vasu Holdings, LLC. ("Vasu" or "Plaintiff") | Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") |
|---|---|
| Paul J. Andre (pro hac vice)<br> Paul.Andre@hsfkramer.com<br>Lisa Kobialka (*pro hac vice*)<br> Lisa.Kobialka@hsfkramer.com<br>James Hannah (*pro hac vice*)<br> James.Hannah@hsfkramer.com<br>Kristopher Kastens (*pro hac vice*)<br> Kris.Kastens@hsfkramer.com<br>Michael H. lee (*pro hac vice*)<br> Michael.Lee@hsfkramer.com<br>Jennifer L. Gilbert*<br> Jennifer.Gilbert@hsfkramer.com<br>Melissa T.G. Brenner (*pro hac vice*)<br> Missy.Brenner@hsfkramer.com<br>Girija Gaur (*pro hac vice*)<br> Girija.Gaur@hsfkramer.com<br>HERBERT SMITH FREEHILLS KRAMER (US) LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065<br>Telephone: (650) 752-1700<br><br>Ken Mueller (*pro hac vice*)<br> Ken.Mueller@hsfkramer.com<br>HERBERT SMITH FREEHILLS KRAMER (US) LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 715-9100<br><br>S. Calvin Capshaw (Bar No. 03783900)<br>ccapshaw@capshawlaw.com<br>Elizabeth L. DeRieux (Bar No. 05770585)<br> ederieux@capshawlaw.com<br>CAPSHAW DERIEUX LLP<br>114 E. Commerce Ave.<br>Gladewater, TX 75647<br>Telephone: 903-845-5770<br><br>* Admitted to practice | Mary V. Sooter (pro hac vice)<br>WILMER CUTLER PICKERING<br>    HALE AND DORR LLP<br>1225 Seventeenth St., Suite 2600<br>Denver, CO 80202<br>Telephone:  (720) 274-3135<br>Facsimile:  (720) 274-3133<br>mindy.sooter@wilmerhale.com<br><br>Alice J. Ahn (271399CA)<br>WILMER CUTLER PICKERING<br>    HALE AND DORR LLP<br>50 California Street<br>San Francisco, CA 94111<br>Telephone:  (628) 235-1085<br>Facsimile:  (628) 235-1001<br>alice.ahn@wilmerhale.com<br><br>Mark D. Selwyn (pro hac vice)<br>Arthur W. Coviello (pro hac vice)<br>WILMER CUTLER PICKERING<br>    HALE AND DORR LLP<br>2600 El Camino Real, Suite 400<br>Palo Alto, CA 94306<br>Telephone:  (650) 858-6000<br>Facsimile:  (650) 858-6100<br>mark.selwyn@wilmerhale.com<br>arthur.coviello@wilmerhale.com<br><br>Joseph J. Mueller (pro hac vice)<br>Jordan L. Hirsch (pro hac vice)<br>Dominic E. Massa (pro hac vice)<br>Kate M. Saxton (pro hac vice)<br>WILMER CUTLER PICKERING<br>    HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone:  (617) 526-6000<br>Facsimile:  (617) 526-5000 |

2

joseph.mueller@wilmerhale.com
jordan.hirsch@wilmerhale.com
dominic.massa@wilmerhale.com
kate.saxton@wilmerhale.com

Brittany B. Amadi (pro hac vice)
Amy K. Wigmore (pro hac vice)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363
brittany.amadi@wilmerhale.com

Steven Pepe
(admitted in E.D. Tex.)
Kevin J. Post
(admitted in E.D. Tex.)
Jolene Wang
(admitted in E.D. Tex.)
Michael Morales
(admitted in E.D. Tex.)
**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112-0015
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
spepe@sheppardmullin.com
kpost@sheppardmullin.com
jolwang@sheppardmullin.com
mamorales@sheppardmullin.com

David S. Chun
(admitted in E.D. Tex.)
James L. Davis, Jr.
(admitted in E.D. Tex.)
**SHEPPARD, MULLIN, RICHTER, &
HAMPTON LLP**
1540 El Camino Real, Suite 120
Menlo Park, CA 94025-4111
Telephone: (650) 815-2600
Facsimile: (650) 815-2601
dchun@sheppardmullin.com

3

jdavis@sheppardmullin.com

Melissa R. Smith
State Bar No. 24001351
Harry Lee Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com
gil@gillamsmithlaw.com

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
tom@gillamsmithlaw.com

James Travis Underwood
Texas Bar No. 24102587
GILLAM & SMITH, LLP
7232 Crosswater Avenue
Tyler, Texas 75703
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
travis@gillamsmithlaw.com

## II.    STATEMENT OF JURISDICTION

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patents laws of the United States, including 35 U.S.C. § 1 *et seq*.  Venue and personal jurisdiction for this matter are not disputed.

## III.   NATURE OF THE ACTION

### A.    Vasu's Statement of the Nature of the Action

This is an action for patent infringement arising under the patent laws of the United

4

States.  Vasu alleges that Defendants have infringed the following patents and claims pursuant to

35 U.S.C. § 271(a) (the "Asserted Claims" of the "Asserted Patents"):

- U.S. Patent No. 8,886,181 ("'181 Patent") – Claim 1;

- U.S. Patent No. 10,368,281 ("'281 Patent") – Claim 37;

- U.S. Patent No. 10,319,996 ("'996 Patent") – Claim 1.

Vasu is a start-up company that pioneered technologies that enhanced mobile devices by

allowing them to seamlessly roam between different types of networks, such as cellular and Wi-

Fi networks, and allowed for uninterrupted connections for voice calls, data, and video

communication.  In the early 2000s, the founder of Vasu, Vasudevan Ganesan, recognized that

mobile devices would soon be used in a manner that depended on reliable and seamless

connections and that these connections would include not only mobile networks, but also

networks using the Wi-Fi standard, which was new at the time.  Mr. Ganesan also saw that the

increase in functionality of mobile devices would result in them putting a problematic strain on

data availability in cellular networks.  These were difficult problems to solve because as different

types of networks were difficult to switch between without disrupting the mobile devices'

connection.  Mr. Ganesan began working on solutions to this problem and developed products

that would address it.  These included designing the plans for a chip (or ASIC) that would be

included in a mobile device and that would allow it to roam between these different types of

networks.  Later, Mr. Ganesan and his co-inventor also developed a cloud-based solution for this

problem called Seamless Session Continuity ("SSC").  SSC service is based on virtual network

computing which supports all content types in telecommunications, including voices, videos,

data exchange, and multimedia.  From his work, Vasu was granted the Asserted Patents.  In

these, Mr. Ganesan described inventions that made more efficient use of the available Wi-Fi

5

networks without the problems associated with dropping connections.

Mr. Ganesan's understanding of how mobile devices would be used in the future proved correct, and companies such as Samsung built his seamless switching technology into their devices.  This technology allowed Defendants to improve their phones with more efficient data usage and energy usage by switching to cheaper and more energy efficient Wi-Fi.  Furthermore, mobile carriers came to recognize the immediate benefits of Vasu's patented technology in reducing the load on their networks by allowing devices to switch to Wi-Fi signals when they were available, such that they require Defendants to include these technologies in their mobile device products.  Indeed, by permitting mobile phone users to seamlessly switch to Wi-Fi, Vasu's patented technology works to solve telecommunication carriers' bandwidth growth problem by reducing the need to add network capacity, which in turn permits carriers to offload capacity addition and realize profits faster.  From the user's perspective, Vasu's patented technology offers the benefit of more stable connection, faster download speed, less lag, and longer battery life.

Vasu seeks monetary damages for Defendants' infringement of the Asserted Patents, by making, using, importing, selling, and/or offering to sell in the United States the Accused Products.  Vasu seeks a judgment and order against Defendants for damages, an accounting of all infringing sales and revenues, pre- and post-judgment interest, expenses and costs, attorneys' fees as provided by 35 U.S.C. §§ 284 and 285, and any other relief the Court deems appropriate.

Defendants deny that they have infringed any of the Asserted Claims of the Asserted Patents.  Defendants further allege that the Asserted Claims are invalid in view of at least the prior art.  Defendants deny that Vasu is entitled to any monetary damages, to any pre- or post-judgment interest, to any costs, or to any award of fees under 35 U.S.C. §§ 284 and 285, or any

6

other relief.

**B.      Samsung's Statement of the Nature of the Action**

Samsung is the worldwide leader in consumer electronics and innovator in the smartphone space.  Samsung launched the world's first LTE smartphone, the Galaxy S II, in 2012; the world's first LTE-A smartphone, the Galaxy S4 LTE-A, in 2013; and one of the first 5G smartphones, the Galaxy S10 5G, in 2019.

Since the late-1990s and early-2000s, the smartphone industry was aware of the need to harmonize data communications across different network access technologies.  Indeed, standards setting organizations, such as the 3rd Generation Partnership Project ("3GPP"), recognized the need to provide seamless service continuity across disparate network access technologies as early as 2003, including to provide seamless Voice-over-Internet-Protocol ("VoIP") services, such as voice calls.  These standardized technologies are used by Samsung's smartphones to handover on-going voice calls from one network to another.

Vasu claims to have invented seamless switching techniques that allow a device to handover a call from one network access technology to another—these techniques are the subject of the Asserted Patents that claim a priority date to 2004.  At that time, such techniques were already contemplated by the industry, and systems for seamless roaming were already being developed.   Over the past two decades, Vasu has failed to secure investments to commercialize the technology subject to the Asserted Patents and, as a result, became a licensing-focused business—i.e., becoming a non-practicing entity.  After setting its sights on Samsung, Vasu sent a letter to Samsung on January 15, 2024, alleging that Samsung infringed the Asserted Patents.  Less than one week later—before even receiving a response—Vasu filed suit.

Samsung contends that it does not infringe any Asserted Claims of the Asserted Patents.

7

Samsung contends that the Asserted Patents are invalid based upon anticipation and obviousness.

Samsung contends that because the Asserted Patents are not valid and not infringed, Vasu is not entitled to any damages.  Further, Samsung contends that Vasu's theories and reasonable royalty calculations are fundamentally flawed.  Samsung contends that commercially acceptable non-infringing alternatives are available.  Finally, Samsung disputes that Vasu is entitled to any equitable relief or any relief it seeks.  Samsung contends that this case is exceptional under 35 U.S.C. § 285 and seeks its fees and expenses thereunder and any other relief the Court deems appropriate.

## IV.  CONTENTIONS OF THE PARTIES

By providing these contentions, the Parties do not concede that any such issue is appropriate for trial.  The contentions below do not include every detail underlying each contention.  The Parties do not concede or waive any of their pending motions for summary judgment, motions *in limine*, motions to strike, or any other relevant motion, or deposition and exhibit objections, which, if granted, may resolve some or all of these issues.  The Parties reserve the right to identify additional issues of fact and law that may arise.

### A.      Vasu's Contentions

1.      The Asserted Patents are valid and enforceable.

2.      Defendants infringe the Asserted Claims of the Asserted Patents by making, using, importing, offering for sale, and selling in the United States mobile phones with "Wi-Fi Calling" and "Switch to Mobile Data" technologies in Samsung Galaxy A Series, J Series, Note Series, S Series, XCover Series, and Z Series devices (the "Accused Products").

3.      Vasu is entitled to compensatory damages in the amount of no less than a

reasonable royalty for Defendants' past infringement until the expiration of the Asserted Patents.

4.      35 U.S.C. § 287 is not applicable to Vasu's damages for Defendants' past infringement of the Asserted Patents.

5.      Vasu is entitled to enhanced damages under 35 U.S.C. § 284.

6.      This case is exceptional and Vasu is entitled to its costs and reasonable attorneys' fees as provided by 35 U.S.C. § 285.

7.      Vasu is entitled to post-judgment interest and separately, pre-judgment interest from January 22, 2018 for the '181 Patent, from July 30, 2019 for the '281 Patent, and from September 17, 2019 for the '996 Patent.

8.      Each of the Asserted Patents is entitled to the filing date of January 6, 2004 of the 60/534,446 provisional application.

9.      Each of the Asserted Patents is entitled to the invention date of October 2003, which is the earliest date for purposes of determining what qualifies as prior art.

10.     Each of the Asserted Patents is valid under 35 U.S.C. §§ 102, 103, or 112 of the Patent Act.

11.     Defendants are not entitled to a judgment in their favor on any of their remaining affirmative defenses.

12.     Vasu seeks all equitable relief from the Court that is just and proper.

B.      **Samsung's Contentions**

Samsung provides the following statement of contentions without waiver or concession of any claim, any response given during discovery, or any opinion expressed by its experts. Samsung denies each of Vasu's contentions and reserves the right to contest any and all of them

at trial.  By providing these contentions, Samsung does not waive any of their motions *in limine*, motions for summary judgment, *Daubert* motions, motions to strike, or any other motion, whether currently pending or not.  Furthermore, Samsung objects to Vasu's contentions to the extent they disclose new theories, claims, or defenses, or refer to any claims or defenses that Vasu did not pursue during these cases.

1.      Samsung does not infringe, literally or under the doctrine of equivalents or otherwise, any Asserted Claim of the Asserted Patents.

2.      Claim 1 of the '181 Patent is invalid based upon anticipation under 35 U.S.C. § 102 and obviousness under § 103.  In particular, Samsung intends to rely at trial on the prior art reference listed below concerning its anticipation and obviousness theories of invalidity:

- Claim 1 of the '181 Patent is anticipated by and obvious over U.S. Patent App. Pub. 2005/0282541 ("Iizuka") alone or in combination with the knowledge of a person of ordinary skill in the art.

3.       Vasu is not entitled to any relief.

4.      Because the Asserted Patents are invalid, and not infringed, Vasu is not entitled to any damages. Vasu's damages theories and calculations are unreliable and improper.

5.      Commercially acceptable non-infringing alternatives are available for every accused product with respect to every Asserted Patent.

6.      Vasu is not entitled to pre-judgment or post-judgment interest, enhanced damages pursuant to 35 U.S.C. § 284, or Vasu's claimed costs and expenses for this

action.[2,3] Vasu cannot recover pre-suit damages due to its failure to comply with Section 287.

7.      Samsung's conduct in this case does not render this case exceptional under 35 U.S.C. § 285.

8.      Vasu's case is weak and its conduct in this litigation is exceptional, entitling Samsung to costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

9.      Samsung seeks all equitable relief from the Court that is just and proper.

10.     Claim 1 of the '181 Patent is entitled to a priority date of no earlier than January 11, 2006.  Claim 37 of the '281 Patent and claim 1 of the '996 Patent are entitled to a priority date of no earlier than January 6, 2004.

## V.    STIPULATIONS AND UNCONTESTED FACTS

The Parties agree to the following stipulations and uncontested facts.

A.      Stipulations Regarding Trial:

---

[2] **Vasu**: Enhanced damages can be properly awarded without a finding of willfulness.  *See, e.g., iFIT Inc. v. Peloton Interactive, Inc.,* 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022) (dismissing willful infringement from the complaint but denying motion to dismiss enhance damages under 35 U.S.C. § 284 because willfulness is ***not*** an absolute prerequisite to an award of enhanced damages.)

[3] **Samsung:** Samsung objects to Vasu's contention that enhanced damages are proper under 35 U.S.C. § 284 because Vasu withdrew its assertion of willfulness and willfulness is a predicate for enhanced damages.  *See, e.g.*, *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-00693-RWS-RSP, 2023 WL 6798974, at *2 (E.D. Tex. Oct. 1, 2023) ("The first requirement for enhanced damages is a finding of willfulness, which 'requires a jury to find no more than deliberate or intentional infringement.' . . .  [Then] the Court considers whether the accused patent infringer's conduct was egregious or worthy of punishment in a manner that warrants enhanced damages."); *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021) (finding that "willfulness is a component of enhancement"); *Multimedia Techs. Pte. Ltd. v. LG Elecs. Inc.*, No. 2:22-CV-00494-JRG-RSP, 2025 WL 396766, at *2 (E.D. Tex. Jan. 27, 2025) ("The sort of conduct warranting enhanced damages is that which is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.").

1.      The Parties propose that the Court present a tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as part of its preliminary instructions to the jury.

2.      Fact witnesses will be sequestered such that they do not witness or access other witnesses' testimony pursuant to Federal Rule of Evidence 615.  This stipulation does not apply to a party's corporate trial representative.  Vasu identifies Vasudevan Ganesan as its corporate representative.  Samsung identifies Hongjung Son as its corporate representative.  Expert witnesses are not excluded from the courtroom for either fact or expert testimony.

3.      Witnesses may testify in English or Korean.  Ann Park has been appointed as Interpreter for Korean testimony.  Dkt. 245.

4.      The Parties agree that for any deposition testimony played or read during either party's case in chief, all deposition designations or counter-designations that a party intends to offer into evidence from that witness will be played or read together in chronological order.  Any Korean witness deposition testimony shall be played or read in the following format: the question in English, the answer in Korean, and the English translation. To the extent there is a check translation, then that check translation will be played.

5.      Regardless of whether deposition testimony is read or played by video, the time available for each party's trial presentation shall be reduced by the length of its designations and counter-designations read or played at trial.  That is, affirmative designations will be deducted from the designating party's trial time, and counter-designations will be deducted from the counter-designating party's trial time.

6.      All irrelevant and redundant material such as objections and colloquy between counsel will be eliminated when the deposition is read or viewed at trial.  Long pauses

may be eliminated when the deposition is read or viewed at trial, subject to the Parties' objections as to specific witnesses.

7.     Any party may use testimony that is designated or counter-designated by either party, to the same effect as if it had initially designated the testimony as its own, subject to all objections.

8.     The parties may offer some or all of the deposition testimony set forth in their deposition designations at trial.  A party's decision not to introduce some or all of the testimony of a witness designated herein shall not be commented upon at trial.

9.     Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations if the testimony is otherwise competent for such purpose.

10.     If an exhibit is referenced in a deposition designation played at trial, the designating party may seek to admit the exhibit into evidence if it is included on a party's trial exhibit list, subject to the other party's objections.  If an exhibit is referenced in a deposition designation played at trial and the Court has not sustained an objection to the exhibit's admission into evidence, the designating or counter-designating party may display the exhibit to the jury alongside the video and highlight or enlarge portions of the exhibit on the screen that were discussed or referenced in the designation or counter-designation, respectively, as if the exhibit was being shown to a live testifying witness.

11.     For those witnesses whose deposition testimony will be presented, the party offering the witness shall be permitted to make a brief transition statement to introduce the witnesses by name, position or title, the company with which the witness is associated, and one sentence indicating the general subject matter of the testimony.  The time for the transition

13

statement shall be charged to the party offering the witness's testimony, unless otherwise agreed to by the parties.  Counsel shall not, however, be permitted to argue or comment on the evidence during transition statements.

12.    For any discovery responses disclosed pursuant to the disclosure schedule set forth below and read into the record, the time for reading the discovery responses into the record shall be charged to the party offering the discovery responses into evidence, unless otherwise agreed to by the Parties.  No objections to discovery responses shall be read into the record or shown to the jury.  To the extent only a portion of an interrogatory response is to be read, the parties shall work together to agree upon the excerpt of the interrogatory response according to the disclosure schedule set forth below.

13.    The Parties agree that final written answers to interrogatories and requests for admission or stipulations agreed to in this case shall be treated by the opposing party as having been given under oath, whether or not the answers were signed or verified by the party making them.

14.    A party's failure to introduce any exhibit appearing on its exhibit list shall not be commented on during the trial.

15.    Any exhibit, once admitted, may be used equally by each party, subject to objections.  The listing of an exhibit by a party on its exhibit list does not waive any objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence.  In other words, a party does not waive its objections to an exhibit by including that exhibit on its own exhibit list.

16.    The Parties agree that any date listed on an exhibit list is provided for convenience only and is neither evidence nor an admission of the date of the document and that

14

failing to list a date on an exhibit list is neither evidence nor an admission of whether the document is dated.

17.     The Parties agree that any description of a document listed on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding that document.

18.     Legible photocopies of United States patents may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

19.     Legible photocopies of documents may be offered and received in evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made to the admissibility of originals.  No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit.  At some point during or immediately after, or at some other time directed by the Court and/or otherwise agreed to by the Parties, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number.  Should a party inadvertently fail to move such an exhibit into evidence at the close of the witness's testimony, the Parties agree that such exhibits may be moved into evidence at any point before the close of the party's respective case.

20.     On September 24, 2025, the Parties exchanged copies of all pre-marked trial exhibits with trial exhibit labels, except for those exhibits which are designated as source code pursuant to the Protective Order or are physical exhibits.  The Parties exchanged source code trial exhibits at or before the pretrial hearing on September 26, 2025, and made physical exhibits available for inspection before their use at trial.  Vasu pre-marked the exhibits on the

15

Parties' Joint Exhibit List.

21.    The Parties have agreed that the demonstrative exhibits the Parties intend to use at trial need not be included on their respective lists of trial exhibits to be filed with the Court.

22.    The Parties need not pre-exchange or identify exhibits or demonstratives to be used with any witness on cross-examination.

23.    Subject to other provisions of this Pretrial Order, once the pretrial conference has been held, no party shall be permitted to offer as evidence any exhibit not present on its exhibit list absent good cause shown or by agreement of the Parties, except that documents, deposition transcripts, or portion thereof, or other items, not specifically identified or offered into evidence, may still be used at trial for purposes of cross-examination or impeachment or rehabilitation, if otherwise competent for such purposes, and may be admitted into evidence consistent with the requirements of the Federal Rules of Evidence.  Pursuant to the Court's standing Order regarding trial exhibits, notwithstanding the foregoing, if a party inadvertently omits a relevant document from its Party Exhibit List, it may move to admit the omitted document into evidence at trial until the close of evidence upon a showing of good cause.  However, no party shall seek the admission of more than four (4) omitted documents at trial, and no omitted document shall be raised or mentioned in the presence of the venire panel or the jury prior to its admission by the Court.  Any party objecting to the admission of the omitted document will be heard by the Court outside the presence of the jury.

24.    Vasu will deliver to the Court before jury selection twelve (12) copies of an agreed juror notebook which will contain a copy of each Asserted Patent, the Court's claim constructions, a page for each witness, each page containing a head and shoulders picture of the

16

witness at the top of the page with the witness's name, with each witness page separated by a tab bearing the witness's name, a legal pad, a non-clicking pen, and a highlighter.

B.      Other Stipulations:

1.      Samsung withdraws its Eighth Defense (Equitable Defenses of Estoppel, Unclean hands, Acquiescence, Patent Misuse, Waiver, and Inequitable Conduct) and Ninth Defense (Lack of Standing) as set forth in its Answer (Dkt. No. 15).

2.      The parties shall be precluded from discussions of any extensions of pre-trial deadlines, including the parties' mutual extension of time sought to serve damages expert reports.

3.      The parties shall not present evidence, testimony, or argument relating to any terms of the licenses or agreements identified in Exhibit 1 to the May 28, 2025 Deposition of Minsoo Kim that are not relied on as comparable licenses or agreements.

4.      The parties shall not present any factual evidence, testimony, or argument interpreting patent claims by reference to the specification, prosecution history, or extrinsic evidence.

5.      Vasu shall not present evidence, testimony, or argument concerning unrelated news about Samsung, such as news related to product recalls, alleged product defects, or safety issues.

6.      The parties shall not mention or refer to patents or patent claims that were withdrawn from the case.

7.      Vasu withdraws its assertion of willful infringement, contributory infringement, and induced infringement.

B.      Uncontested Facts:

17

1.  Vasu Holdings, LLC is a Texas corporation.

2.  Samsung Electronics America, Inc. is a New York corporation and Samsung Electronics Co., LTD is a Korean company.

3.  Subject matter jurisdiction is proper here, and personal jurisdiction and venue are not disputed for purposes of this case.

4.  Vasu filed this action against Samsung asserting infringement of the Asserted Patents on January 22, 2024.

**The following uncontested facts are to be read to the jury by the Court at the beginning of the case:**

1.  To the extent that any Asserted Claim is infringed and not invalid, the hypothetical negotiation would have occurred in or around April 2015 or November 2014.  The damages period for each Asserted Patents commenced on the following dates: for the '181 Patent, on January 22, 2018, six years before Vasu filed its Complaint; for the '281 Patent, on July 30, 2019, the issuance date of the '281 Patent; and for the '996 Patent, on September 17, 2019, the issuance date of the '996 Patent.

2.  The Asserted Patents are all assigned to Plaintiff Vasu.

3.  On January 6, 2004, Vasu filed provisional application no. 60/534,466 ("the '466 provisional application")[was filed].[4, 5]

---

[4] **Samsung:** Provisional application no. 60/534,466 was filed by Mun Keung Leung.  JTX-4.0001.  The "Firm or Individual Name" listed for Provisional application no. 60/534,466 when it was filed is "IC CORP."  JTX-4.0001; *see also* Vasu's July 29, 2024 Response to Samsung's Interrogatory No. 4 at 18-20 (listing patent assignees and lacking any assignment from the inventor on the face of  the '466 provisional application, Mun Keung Leung, to IC CORP, and further lacking any assignment from IC CORP to any other entity).

[5] **Vasu:** Uncontested fact no. 3 as entered into in the September 22, 2025 Joint Pretrial Order states "On January 6, 2004, Vasu filed provisional application no. 60/534,466 ("the '466

18

4. On September 22, 2011, Vasu filed the application for the '181 Patent, claiming priority to the '466 provisional application. The '181 Patent lists Vasudevan Ganesan as its inventor.

5. On April 5, 2017, Vasu filed the application for the '281 Patent, claiming priority to the '466 provisional application. The '281 Patent lists Vasudevan Ganesan as its inventor.

6. On March 14, 2018, Vasu filed the application for the '996 Patent, claiming priority to the '466 provisional application. The '996 Patent lists Vasudevan Ganesan and Stephane H. Maes as its inventors.

7. On January 12, 2024, Vasu sent Samsung a letter identifying the patent numbers of the Asserted Patents.

8. The Wi-Fi Calling feature was released in 2014.

---

provisional application." Vasu objects to Samsung's recent and belated attempt to this uncontested fact that Samsung (with its previous counsel) stipulated to in the Pretrial Order, and which the Court stated at the Pretrial Conference is part of the record. *See September 26, 2025 Transcript* at 6:21-24; 16:3-21. The fact is accurate, which is why Samsung stipulated to the fact. As JTX-4.0027 shows, Mr. Vasudevan Ganesan is the listed ***applicant and inventor*** for the patent application, 60/534/466. The Patent Office accepted the Certificate of Correction that was submitted to correct the initial application that mistakenly failed to identify Mr. Ganesan as the inventor. Furthermore, any modification to the Pretrial Order requires a showing of good cause, which Samsung does not even attempt to make. The parties have had this stipulation in place for over nine months. In the past few days, Samsung suddenly appears to be seeking to inject issues regarding inventorship and ownership. To the extent that Samsung had any alleged inventorship claims, Samsung waived them and should be precluded from pursuing them because Samsung never pled such a defense nor raised any such defense in invalidity contentions. Samsung also never articulated any facts that would remotely relate to such a defense in interrogatory responses, nor identified anything related to inventorship in its Notice of Final Invalidity Theories, Prior Art References and Combinations, and Equitable Defenses. Finally, Samsung's citation to Vasu's interrogatory responses does nothing to support Samsung's change of position regarding this fact. By way of background, Mr. Ganesan founded and is the CEO owns Vasu Networks Corporation ("Vasu Networks"), that was previously named IC Corp and Hava Corporation. Vasu Holdings (the plaintiff) owns Vasu Networks. Vasu Networks subsequently assigned the Asserted Patents to Vasu Holdings. Vasu's interrogatories that Samsung cites identify the fact that the inventor(s) assigned the Asserted Patents to Vasu Networks and then Vasu Networks assigned them to Vasu Holdings.

9.   The Accused Products are mobile phones with "Wi-Fi Calling" and "Switch to Mobile Data" technologies in Samsung Galaxy A Series, J Series, Note Series, S Series, XCover Series, and Z Series.

## VI.   CONTESTED ISSUES OF FACT AND LAW FOR TRIAL

The Parties identify the following issues of fact and law that remain to be litigated.  The Parties reserve the right to identify additional factual or legal issues that may arise, including issues raised by any further discovery undertaken in this case, motions *in limine*, pending motions, the Court's rulings on the same, and the Court's rulings at the pretrial conference in this action.  By providing this statement, the Parties do not concede that all of these issues are appropriate for trial.  The Parties also do not waive any of their pending motions.

A.     <u>Issues to Be Tried By Jury Trial</u>:

1.   **Alleged Infringement**:

a.   Whether Vasu has shown by a preponderance of the evidence that Samsung's Accused Products directly infringe any Asserted Claim of the Asserted Patents.

2.   **Alleged Invalidity**:

a.   Whether Samsung has shown by clear and convincing evidence that any Asserted Claim of the Asserted Patents is invalid under 35 U.S.C. §§ 102 and/or 103.

3.   **Alleged Damages**:

a.   If Samsung is found to infringe, whether Vasu has shown by a preponderance of the evidence the amount of reasonable royalty damages to which Vasu is entitled for at least one claim that is found to be infringed and not invalid and, if so, the amount thereof.

20

B.    <u>Issues to Be Decided By the Court</u>:

1.  If the jury's verdict is in favor of Vasu against Samsung, whether Vasu is entitled to pre-judgment interest and, if so, the amount thereof.

2.  If the jury's verdict is in favor of Vasu against Samsung, the amount of post-judgment interest Vasu is entitled to.

3.  If the jury's verdict is in favor of Vasu against Samsung, whether Vasu is entitled to enhanced damages under 35 U.S.C. § 284, and if so, in what amount.[6,7]

4.  If the jury's verdict is in favor of Vasu against Samsung, whether this case is exceptional and Vasu is entitled to its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

5.  If the jury's verdict is in favor of Samsung against Vasu, whether this case is exceptional and Samsung are entitled to its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## VII.    LIST OF WITNESSES

Vasu's witness list is attached hereto as **Exhibit A**.  Samsung's amended witness list is attached hereto as **Exhibit B**.  Vasu's objections to Samsung's witness list are attached hereto as **Exhibit C**.  Samsung's objections to Vasu's witness lists are attached hereto as **Exhibit D**.

## VIII.    DEPOSITION DESIGNATIONS

Vasu's deposition designations, Samsung's objections and counter-designations, and Vasu's objections to Samsung's counter-designations are attached hereto as **Exhibit E**. Samsung's deposition designations, Vasu's objections and counter-designations, and Samsung's

---

[6] **Vasu**: See footnote 5.
[7] **Samsung:** See footnote 6.

objections to Vasu's counter designations are attached hereto as **Exhibit F**.

## IX.    LIST OF TRIAL EXHIBITS

The Parties' agreed Joint Exhibit List is attached hereto as **Exhibit G**.  Vasu's amended trial exhibit list is attached hereto as **Exhibit H**.  Samsung's amended trial exhibit list is attached hereto as **Exhibit I**.

## X.    PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

The Parties' proposed jury instructions, with any disputes concerning proposed instructions identified therein, are attached hereto as **Exhibit J**.  The Parties' proposed verdict form, with any disputes identified therein, is attached hereto as **Exhibit K**.

## XI.    LIST OF PENDING MOTIONS

The Parties believe that resolution of the following outstanding motions will aid the disposition of the case, and narrow the issues for trial, including:

A.    <u>**Vasu's Pending Motions**</u>

2.    None at this time.

B.    <u>**Samsung's Pending Motions**</u>

1.  Samsung's Motion to Amend the Joint Pretrial Order to Reserve its Opening Statement at Trial at the Beginning of its Case-in-Chief (Dkts. Nos. 269, 281, 287).

## XII.    EXPECTED LENGTH OF TRIAL

The expected length of trial is five days, with each side allotted 10.5 hours of trial time, excluding voir dire, opening statements, and closing statements—*i.e.*, Vasu will be allotted 10.5 hours and Samsung will be allotted 10.5 hours.

The Parties will be allotted 30 minutes each for opening statements and 40 minutes each for closing statements.

### XIII.    MANAGEMENT CONFERENCE LIMITS

The Parties discussed trial limitations at the Court's Pretrial Conference as set forth in the Pre-Trial Hearing Transcript.

### XIV.    TIME MANAGEMENT PROCEDURES

A.    The Parties will continue to meet and confer to attempt to resolve their objections to deposition designations, witnesses, and exhibits, and to identify additional potential stipulations, and will supplement these stipulations to the extent that additional stipulations are agreed by the Parties.

B.    The Parties agree to cooperate in good faith to prevent or limit public disclosures of confidential information while recognizing the public interest in public trials.  The Parties will meet and confer in good faith to identify those documents or categories of documents for which sealing the courtroom is necessary.

**Opening Statements:**

C.    With respect to opening statements, by no later than **12:00 p.m. Central Time** on the day before the opening statement the Parties shall exchange by email (a) lists of any exhibits that the Party intends to use in its opening statement, and (b) electronic copies of any Demonstratives (including any documentary, graphic, slide, animation, mock-ups to be created during opening statements with detail regarding their substance, and any other form of demonstrative) that they intend to use in their respective opening statements.  Any physical Demonstratives, including any poster boards, must be made available for inspection at the same time and physical demonstratives must also be made available for inspection at the same time along with the other demonstratives.

D.    Any objections to the opening statement disclosures must be provided by **2:00 p.m. Central Time** the day the disclosures are received.  The Parties shall meet and confer

telephonically in an attempt to resolve any objections to these disclosures at **3:30 p.m. Central Time**.  If any disputes remain following this conference, the parties shall apprise the Court via email by **8:00 p.m. Central Time** the day before the opening at issue is to be presented the jury is seated, as is this Court's practice.  The parties will continue to meet and confer to narrow issues, as this Court requires, and will provide any remaining disputes regarding Opening Demonstratives and exhibits in a jointly prepared three-ring binder delivered to the court by **7 a.m. Central Time**, with a one-paragraph narrative from each side describing each remaining dispute and copies of the disputed material for reference, as is this Court's typical practice. Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.

E.      The Parties agree that any exhibit listed on either Party's exhibit list as to which no objection remains pending at the time of opening statements may only be shown to the jury by either Party during opening statements if the exhibit will in good faith be the subject of testimony.  The Parties agree to meet and confer to the extent objections remain pending to attempt to resolve any such objections so that exhibits may be used during opening statements or objections can be resolved by the Court.

**<u>Closing Statements</u>:**

F.      The Parties will disclose and exchange copies of closing demonstratives to be shown to the jury by **6:30 p.m. Central Time** the night before closing statements.  The Parties agree that closing demonstratives that are (1) demonstratives created in the courtroom during testimony or opening at trial, (2) demonstratives shown to the jury during trial, and/or (3) the enlargement, highlighting, annotating, ballooning, underlining, or the like, of admitted trial exhibits, transcripts of designated deposition testimony, and trial testimony from this proceeding

accompanied by the photo, name, and title of the witness who provided the testimony only do not need to be disclosed.  The Parties will inform opposing counsel if they have an objection to the proposed demonstratives before **8:00 p.m. Central Time** that same night.  The Parties shall meet and confer to discuss any objections by **8:30 p.m. Central Time**.  If any disputes remain following this conference, the parties shall apprise the Court via email by **10:00 p.m. Central Time** the day before the jury is seated, as is this Court's practice.  The parties will continue to meet and confer to narrow issues, as this Court requires, and will provide any remaining disputes regarding Closing Demonstratives and exhibits in binders delivered to the court by **7:00 a.m. Central Time**, as is this Court's typical practice.

**Witnesses:**

G.       The Parties agree to disclose the witnesses and the order in which they will be called.  No later than five (5) calendar days prior to jury selection, the Parties will identify to each other by email good faith estimates of the witnesses it *will call* live.  Further, each Party shall provide to the other Party's counsel of record via email by no later than **6:30 p.m. Central Time** two (2) calendar days before their anticipated introduction (*e.g.*, by **6:30 p.m. Central Time** on Tuesday for witnesses appearing on Thursday), counsel shall provide to opposing counsel the names and order of witnesses to be called (both live and by deposition).  Weekend days apply to the timing, for example, if a witness is expected to testify on a Monday, the witness must be identified by **6:30 p.m. Central Time** on the previous Saturday.

H.       With the exception of witnesses for the first day of trial, any objections to the identified witnesses shall be provided no later than **8:00 p.m. Central Time** the day before the witness is offered to testify and the Parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the witnesses at **8:30 p.m. Central Time** the day the

25

objections are provided.  For witnesses for the first day of trial, any objections shall be provided by no later than **6:00 p.m**. **Central Time** the day before the witness is offered to testify and the Parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the witnesses at **6:30 p.m. Central Time** the day the objections are provided.  Any objections shall be discussed and presented to the Court in the manner set forth below.  If counsel intends to change the order of witnesses or the manner of presentation of witness testimony, they shall notify the other side immediately.  The Parties will continue in good faith to meet and confer regarding witnesses and if objections remain unresolved, the Parties will cooperate in seeking to have the Court resolve any disputes prior to the introduction of the witness.

I.      The parties further agree to identify which witness they intend to be their final witness after which they will rest their case when that individual is disclosed pursuant to these procedures.

**Exhibits:**

J.      With the exception of direct exhibits for first day of trial, each Party shall provide to the other Party's counsel of record via email by no later than **6:30 p.m. Central Time** each day a list of direct exhibits (including identification of the witness(es) with which the exhibits will be used) they plan to use the following day in the direct examination of a witness.  The receiving Party shall provide to the other Party's counsel of record via email objections to such exhibits by **8:00 p.m. Central Time** the same day.  For direct exhibits for the first day of trial, the receiving Party shall provide to the other Party's counsel of record via email by no later than **4:30 p.m. Central Time** a list of direct exhibits (including identification of the witness(es) with which the exhibits will be used) they plan to use the following day in the direct examination of a witness.  The receiving Party shall provide to the other Party's counsel of record via email

objections to such exhibits by **6:00 p.m. Central Time** the same day.  Any objections shall be discussed and presented to the Court in the manner set forth below.

K.      Each party may use an exhibit that is listed on an opposing party's exhibit list to the same effect as though it were listed on its own exhibit list, subject to any applicable evidentiary objections, and provided that the disclosure requirements discussed above are followed.

L.      If a party removes an exhibit from its exhibit list, it will notify the opposing party in the service email of the amended exhibit list.  The opposing party may add the withdrawn exhibit to its own exhibit list so long as that party's exhibit list does not exceed thirty exhibits.

M.      The listing of an exhibit on a party's exhibit list is not an admission that the exhibit is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the exhibit.  Each party reserves the right to object to the relevancy or admissibility of any evidence offered by the other party in accordance with the disclosure schedule set forth above, or, if during cross-examination at the time such evidence is offered, in view of the specific context in which such evidence is offered.  The parties will meet and confer in good faith to identify pre-admitted or admitted joint exhibits without the need for additional foundational testimony.

N.      For the ease of reference for the jury, Court, and parties, translations of foreign language exhibits will be included as part of the same exhibit with the same exhibit number as the foreign language exhibit.  The parties agree to attempt in good faith to agree on translations. The inclusion of a party's translation of a foreign language exhibit on that party's exhibit list is not an admission that the foreign language exhibit or the opposing party's translation is relevant, admissible, or accurate.

O.     The parties agree to exchange lists of "Admitted Exhibits" and time used/remaining time per side by **10:00 p.m. Central Time** the night before the lists are to be submitted to the Court.

**<u>Demonstratives</u>:**

P.     With the exception of demonstratives for first day of trial, the Parties shall exchange copies of all documentary, graphic, slide, animation, video demonstratives, and any other form of demonstratives, such as physical devices, and make available for inspection any other form of demonstratives, including physical items, that they plan to use at trial during direct examination by **6:30 p.m. Central Time** one (1) calendar day before their anticipated use. In other words, if a demonstrative will be used on Tuesday, it must be exchanged or made available by **6:30 p.m. Central Time** on the previous Monday.  The receiving Party shall provide to the other Party's counsel of record via email objections to such demonstratives by **8:00 p.m. Central Time** the same day.  For demonstratives for the first day of trial, the parties shall exchange copies all documentary, graphic, slide, animation, video demonstratives, and any other form of demonstratives, such as physical devices, and make available for inspection any other form of demonstratives, including physical items, that they plan to use at trial during direct examination by **4:30 p.m. Central Time** one (1) calendar day before their anticipated use.  The receiving Party shall provide to the other Party's counsel of record via email objections to such demonstratives by **6:00 p.m. Central Time** the same day.  Any objections shall be discussed and presented to the Court in the manner set forth below.

Q.     Demonstratives exchanged per this procedure will not be used by an opposing Party at trial prior to being used at trial by the disclosing Party.  After use of a demonstrative by a Party, use of that same demonstrative by the opposing Party must be disclosed according to the

28

procedures set forth in this section.

R.    These provisions regarding demonstratives do not apply to demonstratives created during testimony, or demonstratives, documents, or other materials to be used for cross-examination, none of which need to be provided to the other side in advance of their use.  In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.  Reasonable, non-substantive edits or corrections of typographical and similar errors to demonstrative exhibits may be made to such exhibits prior to use, as long as the offering party has disclosed those edits or corrections before displaying the demonstrative to the jury or the Court.

S.    "Demonstratives" are non-evidentiary exhibits that do not go back to the jury room.  Vasu's demonstratives will be identified by numbers prefixed with "PDX."  Samsung's demonstratives will be identified by numbers prefixed with "DDX."

T.    Demonstratives for direct examination or opening, as well as trial exhibits used during direct examination or opening must be cleared of any outstanding objections before being shown to the jury.

U.    Additionally, any transcripts of testimony (excluding testimony given during this trial) must have been previously designated by the parties and cleared of outstanding objections before being shown to the jury during opening or on direct examination.

V.    On cross-examination, transcripts of testimony may be used to impeach the witness, subject to this Court's standard practice, so long as it is not in violation of a motion *in limine* or other exclusionary order, or rule of evidence, regardless of whether it was previously designated by the parties.

**<u>Deposition Testimony</u>:**

W.      For any witnesses whose testimony a Party intends to present by deposition, the Party shall identify a list of deposition designations to be played or read to the jury **6:30 p.m. Central Time** three (3) calendar days before the designations are to be played or read to the jury along with any exhibits to be used therewith.  The receiving Party shall, by **8:00 p.m. Central Time** the same day, identify any objections to said designations or exhibits, any previously designated counter-designations to be read or played; any previously-designated affirmative designations for that witness to be read or played, and any exhibits to be used therewith.  The initially disclosing Party shall, by **6:30 p.m. Central Time** the next day (e.g., two days before the designations are to be played or read to the jury), identify any objections to the receiving Party's additional counter designations, affirmative designations and/or exhibits sought to be used with the witness.  The Parties shall meet-and-confer by **8:30 p.m. Central Time** the same day (e.g., two days before the designations are to be played or read to the jury) regarding any objections.  Any unresolved objections shall be presented to the Court in that evening's submission regarding disputes in the manner set forth below.

X.      The Party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, and remove any attorney objections and colloquy between counsel, and provide a final version of the deposition testimony excerpts (testimony clip report and full video) to the other Party by **7:30 p.m. Central Time** the day before it is to be shown to the jury.  If the Party intends to read the deposition testimony into the record instead of playing the video, the Party shall state that in writing by **7:30 p.m. Central Time** the day before the testimony is to be introduced.

Y.      In order to reduce the number of duplicative exhibits, where a deposition excerpt references a document by deposition exhibit number and that identical document or duplicate

document was also marked as a different exhibit number for use at trial, a party may substitute the trial exhibit for the deposition exhibit.

Z.      Deposition designations and counter-designations shall be played in the order in which they appear in the transcript unless the parties provide good cause to do otherwise.

AA.    The time available for each side's trial presentation shall be reduced by the length of its designations or counter-designations actually played or read at trial.  If played, such time shall be measured by the amount of time of each party's designations.  If read, such time shall be measured by the lines of testimony each party designates as a percentage of the total number of lines read.

BB.    The offering party shall be afforded an opportunity to introduce deposition clips by stating the name of the witness, the witness's role in the case, and the runtime of the clip.

**Discovery Designations:**

CC.    For any opposing Party's written discovery response (*i.e.*, a response to an interrogatory or a request for admission) that a Party intends to introduce at trial, the introducing Party shall provide a proposed excerpted and redacted version of that discovery response to read to the jury by **6:30 p.m. Central Time** two (2) calendar days before the discovery response is to be read to the jury.  With the exception of written discovery responses to be presented on the first day of trial, the receiving Party shall, by **8:00 p.m. Central Time** the day before the discovery response is to be read to the jury, identify any objections to said excerpted and redacted discovery response.  The Parties shall meet-and-confer at **8:30 p.m. Central Time** the day before the discovery response is to be read to the jury.  Any unresolved objections shall be presented to the Court in the manner set forth below on the same day.  For written discovery responses intended to be introduced for the first day of trial, the receiving Party shall, by **6:00**

**p.m. Central Time** the day before the discovery response is to be read to the jury, identify any objections to said excerpted and redacted discovery response.  The Parties shall meet-and-confer at **6:30 p.m. Central Time** the day before the discovery response is to be read to the jury.

**Dispute Resolution:**

DD.    The daily dispute procedure will be handled as follows.  With the exception of disputes for the Court to consider on the morning of the first day of trial, all aforementioned objections shall be handled at a daily meet and confer set for **8:30 p.m. Central Time**.  After the **8:30 p.m. Central Time** meet and confer about disputed issues, by **9:30 p.m. Central Time** the Parties will exchange succinct, single paragraph written arguments of remaining disputes for inclusion in the **10:00 p.m. Central Time** (or whatever time the Court sets) email to the Court using the following exemplary format:

1. **Witness A Deposition Designations, pp. #-#:**

   - Vasu's [or Samsung's] objection:

   - Samsung's [or Vasu's] response:

2. **Witness B Demonstrative, slide #:**

   - Vasu's [or Samsung's] objection:

   - Samsung's [or Vasu's] response:

3. **Exhibit X, p. #:**

   - Vasu's [or Samsung's] objection:

   - Samsung's [or Vasu's] response:

For disputes for the Court to consider on morning of the first day of trial, the aforementioned objections shall be handled at a meet and confer set for **6:30 p.m. Central Time**. After the **6:30 p.m. Central Time** meet and confer about disputed issues, by **7:30 p.m. Central**

**Time** the Parties will exchange succinct, single paragraph written arguments of remaining disputes for inclusion in the **8:00 p.m. Central Time** email to the Court using the exemplary format above.

EE.    During its case-in-chief and rebuttal, Vasu will be responsible for sending the **10:00 p.m. Central Time** (or whatever time the Court sets) email of disputed issues and arguments.  During its case-in-chief, Samsung will be responsible for sending the **10:00 p.m. Central Time** (or whatever time the Court sets) email of disputed issues and arguments.

FF.    The parties will continue to meet and confer to narrow disputes, according to this Court's practice, and will submit the remaining disputes to the Court by providing a jointly prepared three-ring binder delivered to the Court the following morning at **7:00 a.m. Central Time**, with a one-paragraph narrative from each side describing each remaining dispute and copies of the disputed material for reference, according to the Court's practice. During its case-in-chief and rebuttal, Vasu will be responsible for delivering these binders to the Court.  During its case-in-chief, Samsung will be responsible for delivering these binders to the Court.

**Order of Presentation:**

GG.    The Parties will present their respective cases in the following order:

- Opening statement (Vasu, followed by Samsung);

- Vasu presents its case-in-chief regarding infringement and damages;

- Samsung presents (1) its opening, (2) its rebuttal to Vasu's case-in-chief, and (3) Samsung's case-in-chief regarding invalidity;

- Vasu presents its rebuttal to Samsung's case-in-chief regarding invalidity; and

- Closing arguments (Vasu, followed by Samsung, followed by Vasu using any reserved time).

## XV.    CERTIFICATIONS

The undersigned counsel to the Parties hereby certify and acknowledge the following on behalf of their respective Parties:[8]

(1)    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

(2)    The Parties have complied with discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.  The Parties have stipulated and moved this Court on various issues altering discovery limitations, which have been approved by this Court.

(3)    Each exhibit in the Exhibit Lists attached: (a) is in existence; (b) is numbered; and (c) has been disclosed and shown to opposing counsel, with the exception of physical exhibits which will be made available for inspection at trial.

Respectfully submitted,

Dated: June 20, 2026

By: */s/ Paul J. Andre*
Paul J. Andre (*pro hac vice*)
Lisa Kobialka (*pro hac vice*)
James Hannah (*pro hac vice*)
Kristopher Kastens (*pro hac vice*)
Jennifer L. Gilbert
Melissa Brenner (*pro hac vice*)
Girija Gaur (*pro hac vice*)
HERBERT SMITH FREEHILLS
KRAMER (US) LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
paul.andre@hsfkramer.com
lisa.kobialka@hsfkramer.com
james.hannah@hsfkramer.com
kris.kastens@hsfkramer.com

---

[8] For the avoidance of doubt, neither party certifies that the other party has complied with the certifications below and expressly reserves the right to contest the adequacy of the other party's disclosures, discovery compliance, and exhibit disclosure.

michael.lee@hsfkramer.com
jennifer.gilbert@hsfkramer.com
missy.brenner@hsfkramer.com
girija.gaur@hsfkramer.com

Ken Mueller (*pro hac vice*)
HERBERT SMITH FREEHILLS
KRAMER (US) LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
ken.mueller@hsfkramer.com

S. Calvin Capshaw (Bar No. 03783900)
Elizabeth L. DeRieux (Bar No. 05770585)
Capshaw DeRieux LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

*Attorneys for Plaintiff*
Vasu Holdings, LLC


Respectfully submitted,

*/s/ Mary (Mindy) V. Sooter*

| | |
|---|---|
| Mary (Mindy) V. Sooter (*pro hac vice*) | Harry Lee Gillam, Jr. |
| WILMER CUTLER PICKERING HALE AND DORR LLP | Texas Bar No. 07921800 |
| | Melissa R. Smith |
| 1225 Seventeenth St., Suite 2600 | Texas Bar No. 24001351 |
| Denver, CO 80202 | GILLAM & SMITH, LLP |
| Telephone:  (720) 274-3135 | 303 South Washington Avenue |
| Facsimile:  (720) 274-3133 | Marshall, TX 75670 |
| mindy.sooter@wilmerhale.com | Telephone:  (903) 934-8450 |
| | Facsimile:  (903) 934-9257 |
| Alice J. Ahn (271399CA) | gil@gillamsmithlaw.com |
| WILMER CUTLER PICKERING HALE AND DORR LLP | melissa@gillamsmithlaw.com |
| 50 California Street | James Travis Underwood |
| San Francisco, CA 94111 | Texas Bar No. 24102587 |
| Telephone:  (628) 235-1085 | GILLAM & SMITH, LLP |

35

Facsimile:  (628) 235-1001
alice.ahn@wilmerhale.com

Mark D. Selwyn (*pro hac vice*)
Arthur W. Coviello (*pro hac vice)*
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100
mark.selwyn@wilmerhale.com
arthur.coviello@wilmerhale.com

Joseph J. Mueller (*pro hac vice*)
Jordan L. Hirsch (*pro hac vice*)
Dominic E. Massa (*pro hac vice*)
Kate M. Saxton (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000
joseph.mueller@wilmerhale.com
jordan.hirsch@wilmerhale.com
dominic.massa@wilmerhale.com
kate.saxton@wilmerhale.com

Brittany B. Amadi (*pro hac vice*)
Amy K. Wigmore (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363
brittany.amadi@wilmerhale.com

7232 Crosswater Avenue
Tyler, Texas 75703
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
travis@gillamsmithlaw.com

Andrew Thompson Gorham
State Bar No. 24012715
GILLAM & SMITH, LLP
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
tom@gillamsmithlaw.com

Steven Pepe (admitted in E.D. Tex.)
Kevin J. Post (admitted in E.D. Tex.)
Alexander Middleton (admitted in E.D. Tex.)
Jolene Wang (admitted in E.D. Tex.)
Brian Lebow (admitted in E.D. Tex.)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112-0015
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
spepe@sheppardmullin.com
kpost@sheppardmullin.com
amiddleton@sheppardmullin.com
jolwang@sheppardmullin.com
blebow@sheppardmullin.com

David S. Chun (admitted in E.D. Tex.)
James L. Davis, Jr. (admitted in E.D. Tex.)
Nancy Attalla (admitted in E.D. Tex.)
SHEPPARD, MULLIN, RICHTER, &
HAMPTON LLP
1540 El Camino Real, Suite 120
Menlo Park, CA 94025-4111
Telephone: (650) 815-2600
Facsimile: (650) 815-2601
dchun@sheppard.com
jdavis@sheppard.com
nattalla@sheppardmullin.com

36

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 20, 2026 a copy of the foregoing document and any attachments thereto was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send notification of filing electronically to all counsel of record.

*/s/ Mary (Mindy) V. Sooter*
Mary (Mindy) V. Sooter
