**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| VASU HOLDINGS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. *and* SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00034-JRG-RSP |

**JUDGMENT**

A jury trial commenced in the above-captioned case on June 22, 2026. On June 26, 2026, the Jury reached and returned its unanimous verdict. (Dkt. No. 368). The Jury found that Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") had infringed claim 1 of U.S. Patent No. 8,886,181 (the "'181 patent"). (*Id*. at 4). The Jury found that Plaintiff Vasu Holdings, LLC ("Vasu") had not infringed claim 37 of U.S. Patent 10,368,281 (the "'281 patent") or claim 1 of U.S. Patent No. 10,419,996 (the "'996 patent"). (*Id*.). The Jury also found that Samsung had not shown by clear and convincing evidence that claim 1 of the '181 patent is invalid. (*Id*. at 6). To compensate Vasu for Samsung's infringement of claim 1 of the '181 patent, the Jury awarded Vasu $3,000,000.00 USD. (*Id*. at 8).

Pursuant to Federal Rule of Civil Procedure 58, and in accordance with the Jury's unanimous verdict and the entirety of the record, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. Samsung has infringed claim 1 of the '181 patent.

2. Vasu has not shown by a preponderance of the evidence that Samsung infringed claim 37 of ’281 patent or claim 1 of the ’996 patent.

3. Samsung has not shown by clear and convincing evidence that claim 1 of the ’181 patent is invalid.

4. Vasu is entitled to and shall have and recover from Samsung a reasonable royalty of $3,000,000.00 USD in the form of a lump sum for Samsung’s infringement of claim 1 of the ’181 patent, during the damages period of January 22, 2018 to January 10, 2025.

5. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that “prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award,”[1] the Court awards prejudgment interest to Plaintiff to be recovered by Plaintiff from Defendants and applicable to all sums awarded herein, calculated at the five-year U.S. Treasury Bill rate, compounded monthly, adjusting the effective rate with each and every change in said five-year U.S. Treasury Bill rate from the date the infringement began.

6. The Court, having heard the testimony and seen the exhibits, and noting that Vasu did not seek or obtain a finding of willful patent infringement, finds that no enhancement of damages is warranted. Accordingly, Vasu’s request for enhancement pursuant to 35 U.S.C. § 284 is denied.

7. Pursuant to 28 U.S.C. § 1961, the Court awards Plaintiff from Defendants post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid.

[1] *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).

8. Under Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Vasu is the prevailing party in this case and shall recover costs from Samsung. Accordingly, Vasu is directed to file their Bill of Costs.

All other requests for relief now pending by and between Vasu and Samsung, which are not specifically addressed herein, are **DENIED**.

**So Ordered this**

**Jul 1, 2026**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE